■ JOHN H. WEINSTEIN, as Administrator of the Estate of HELEN WEINSTEIN, Deceased, Respondent, v. ABRAHAM PROSTKOFF, Defendant, and BESSIE F. EVANS et al., Appellants.— In an action by a husband as administrator of his deceased wife's estate, to recover damages for her wrongful death, claimed to have been caused by the malpractice of the two individual defendants, Abraham Prostkoff, a doctor-obstetrician, and Bessie Flora Evans, a nurse-anesthetist in the defendant hospital's employ, in which the jury after trial rendered a verdict in favor of the plaintiff against the doctor in the sum of $60,000, and in favor of the nurse and the hospital against the plaintiff, the

nurse and the hospital appeal from an order of the Supreme Court, Kings County, dated September 8, 1959, which granted plaintiff's motion to set aside the jury's verdict in their favor, severed the action as against them and restored it to the calendar for a new trial. Order reversed, with costs, plaintiff's motion to set aside the jury's verdict in favor of the nurse and the hospital denied, and the jury's verdict in their favor reinstated. On April 28, 1955, at about 10:04 A.M., within two minutes after plaintiff's wife had delivered her child in the hospital's delivery room, she expired while being attended by the doctor and the nurse. That morning, prior to her entry in the hospital, a rupture of the sac of amniotic fluid protecting the fetus had occurred. Examination by the doctor prior to delivery showed that the child was in distress. At his direction, straight oxygen was administered through a mask for 10 minutes from 9:45 A.M. Then a combination of nitrous oxide and oxygen was administered up to the time of delivery at about 10:02 A.M. During the final two minutes prior to delivery, ether was administered. Defendants undertook to show that the cause of death was the clogging of capillaries in the lung by material contained in the amniotic fluid, which had entered the bloodstream through venous sinuses in the wall of the uterus; and that this was a rare but recognized embolism which had occurred despite their observance of standard practice. Plaintiff claimed that his wife had choked to death. He offered testimony of a surgeon, who specialized in trauma cases, as to methods of washing the stomach, inserting tubes in the stomach and trachea for the vomit, and administration of the anesthesia, which would have avoided the alleged aspiration of gastric contents into the windpipe. Pathologists and the then assistant medical examiner of New York City testified for defendants, primarily on the basis of microscopic findings after autopsy and on slides of sections of lung tissue, that the embolism was the cause of death. The court concluded that this testimony and the exhibits in support thereof had been fabricated. In our opinion, such conclusion was not only based on an erroneous misconception of the proof in the record, but it was immaterial in any event because by their verdict the jury had rejected embolism as the primary cause of death. Nor can the verdict be deemed inconsistent because it was rendered against the doctor and in favor of the nurse. The jury could have found that the doctor was derelict in matters of judgment which were exclusively his concern, whereas the nurse adequately performed her limited duties without notice to her of asphyxiation. The court charged, without exception, that the jury could find (as it did) for the plaintiff and aganist the doctor but not against the nurse and hospital. Examination of the record shows: (1) that no more than a jury question was presented as to malpractice of the nurse, and (2) that there was no misconduct of attorneys during the trial which would warrant the conclusion that plaintiff had not been afforded a fair trial. Under all the circumstances, it is our opinion that the verdict in favor of the nurse and the hospital should not have been set aside (cf. *Solkey* v. *Beyer*, 238 App. Div. 809; cf. *Coleman* v. *Brooklyn & Queens Tr. Corp.*, 252 App. Div. 215, 216). Nolan, P. J., Beldock, Ughetta, Kleinfeld and Brennan, JJ., concur. [23 Misc 2d 376.]