◼ JUANITA MYERS, as Administratrix of the Estate of VANCE W. MYERS, Deceased, Appellant, v. HOSPITAL ASSOCIATION OF THE CITY OF SCHENECTADY, Respondent.— Appeal from (1) an order of the Supreme Court in favor of the defendant, entered November 8, 1972 in Schenectady County, upon a dismissal of the complaint by the court at a Trial Term at the close of plaintiff's evidence and (2) the judgment entered thereon on November 13, 1972. On July 2, 1969, plaintiff's now deceased husband was admitted to Ellis Hospital in Schenectady, New York. His condition was diagnosed as cellulitis of the left arm, a diffused infection and inflammation with an accompanying fever, and treatment was apparently progressing normally, pursuant to his doctor's instructions. Early on the morning of July 4, 1969, however, a nurse discovered his dead body lying on the ground, five floors below an open window in his hospital room. A subsequent autopsy revealed the causes of death to be multiple fractures and massive internal hemorrhaging. As a result of her husband's untimely demise, plaintiff brought this action for wrongful death caused by the alleged negligence of defendant hospital, and the trial court dismissed the complaint as noted above. On appeal plaintiff contends that she made out a prima facie case of negligence against the hospital and that, therefore, the trial court erred in dismissing the complaint. We disagree. Her entire argument is based upon inferences being drawn from certain innocuous facts which are clearly insufficient to justify the imputation of negligence to the defendant. Thus, the hospital's negligence is not established because the open window was large enough for an average size man to fall through or because one of the spring locks on the screen on that window was not in a locking position when the dead body was discovered. Nor is it significant that decedent, on the night before his death, was given some Benadryl, a drug which can produce a mild degree of drowsiness. In contrast to these inconsequential factors, we have a record which indicates that the decedent was checked by hospital personnel several times during the night and morning prior to his death and that he was treated in accord with acceptable hospital practices and the dictates of his own private physician who made no provision for his patient to receive special supervision or protection (cf. *Guidetti* v. *Columbus Hosp.*, 17 A D 2d 609). Furthermore, even were we to assume negligence on the part of the hospital, there was no showing that it was the cause of decedent's death, (*Digelormo* v. *Weil*, 260 N. Y. 192), and the jury is not free to speculate as to exactly what occurred (*O'Connor* v. *595 Realty Assoc.*, 23 A D 2d 69, app. dsmd. 17 N Y 2d 493). The doctrine of *res ipsa loquitur* is similarly inapplicable. For plaintiff to recover on this theory, she must demonstrate, *inter alia*, that the injury-causing instrumentality or agency was within the control of defendant (*Corcoran* v. *Banner Super Market*, 19 N Y 2d 425, mod. on other grounds 21 N Y 2d 793). Here, however, the identity of any injury-causing agency or instrumentality is a mystery, and the manner of decedent's death remains unexplained. Accordingly, the requisite control by defendant could not be satisfactorily established (cf. *Soto* v. *State of New York*, 39 A D 2d 993). Judgment and order affirmed, on the law, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Main, JJ., concur.