■ ALFRED STRIANO, as Parent and Natural Guardian of RICHARD STRIANO, an Infant, et al., Respondents, v DEEPDALE GENERAL HOSPITAL et al., Defendants, and MURRAY W. BUCHBINDER, Appellant.—In an action to recover damages for personal injuries, etc., defendant Buchbinder appeals from an order of the Supreme Court, Queens County, dated March 19, 1976, which denied his motion for summary judgment. Order reversed, on the law, with $50 costs and disbursements, and motion granted. The 11-year-old plaintiff was hospitalized for a tonsillectomy. His doctor, appellant, prescribed a postoperative diet of milk, water, ice cream and jello; cooked cereal, broth and junket were added the following day. The nurse knew that hot tea was not allowed. The day after the operation, however, for her own convenience, she ordered a complete liquid diet, which included hot water for tea. She intended to remove the hot water from the tray, but before she did so, the child started to eat. While picking up the jello dish, he knocked over the hot water, burning his ankle. From these facts it is clear that the doctor was not guilty of malpractice. Moreover, he is not responsible for the nurse's negligence; she acted contrary to his instructions and was under the control of the hospital. Unlike the case of *Weinstein v Prostkoff* (23 Misc 2d 376, revd on other grounds 13 AD2d 539), where the doctor was held liable for failure to supervise the nurse-anesthetist, the present instance of serving a meal does not involve a medical procedure calling for close supervision and instruction. As a matter of law, the doctor is not liable. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Hawkins, JJ., concur.