■ ANTHONY FILECCIA, Respondent, v MASSAPEQUA GENERAL HOSPITAL et al., Defendants, and HERBERT D. FELDHEIM, Appellant. (And a Third-Party Title.) — In a medical malpractice action, defendant Herbert D. Feldheim appeals from an order of the Supreme Court, Nassau County (Brucia, J.), entered July 8, 1983, which denied his motion for summary judgment dismissing the complaint as to him. Order reversed, on the law, with costs and Feldheim's motion granted. It was alleged that defendant Herbert D. Feldheim negligently read and interpreted X rays of plaintiff's facial injury resulting in a failure to properly diagnose and treat the plaintiff. The record before us is totally devoid of any medically stated opinion that such facts existed or that Feldheim is guilty of any negligence in this regard. All that appears from this record is that following examination, X ray and treatment of plaintiff and following Feldheim's determination that plaintiff's X rays failed to show any injury to his facial bones, plaintiff was admitted to another hospital several weeks later, and was X-rayed, diagnosed and treated for such injuries as Feldheim had earlier concluded did not exist. However, absent from plaintiff's papers in opposition to Feldheim's motion for summary judgment is any proof provided by a physician as to the obviousness of plaintiff's injury or that it was impossible that such could not have shown up or been observed on the earlier X rays read by Feldheim. Of significance is the fact that Feldheim was never called upon to examine the plaintiff. His only contact with the matter was to read the X rays taken of plaintiff in his capacity as head of the defendant hospital's pathology department sometime after plaintiff had been examined by another physician. Absent any indicia of proof of medical malpractice in the opposing papers submitted by plaintiff, in which he was required to lay bare his proof, Feldheim's motion should have been granted. Mangano, J. P., Gibbons, Thompson and Rubin, JJ., concur.

■ WILLIAM GADE, Respondent, v SARA GADE, Appellant. — In a matrimonial action, defendant wife appeals from an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 7, 1983, which, *inter alia*, modified the judgment of divorce between the parties to eliminate therefrom any provision for payment by plaintiff husband of child support for the infant issue of the marriage. Order modified, on the law and as an exercise of discretion, by deleting the second decretal paragraph thereof and substituting therefor a provision that child support payments shall be suspended so long as defendant resides outside of a 100-mile radius of Amityville. As so modified, order affirmed, without costs or disbursements. We agree with the trial court that child support payments should be suspended while defendant is residing outside of a 100-mile radius of Amityville. We have modified the order appealed from to reflect that determination. O'Connor, J. P., Weinstein, Niehoff and Boyers, JJ., concur.