■ SHEILA M. GROEGER, as Executrix of GERY M. GROEGER, Deceased, Respondent, v COL-LES ORTHOPEDIC ASSOCIATES, P. C., et al., Respondents, and ROBERT W. HERTZOG et al., Appellants, et al., Defendants.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: In this medical malpractice action, the moving defendants submitted the affidavit of a medical expert who concluded, based upon examination of the pleadings, hospital records and pathological slides, that the pathologic examination performed by defendant Dr. Hertzog was within accepted medical standards and that Dr. Hertzog's inability to determine whether a schwannoma was benign or malignant did not constitute a deviation from accepted medical practice. This evidentiary submission was sufficient to shift the burden to plaintiff and other defendants to come forward with material in evidentiary form sufficient to raise a triable issue of fact as to Hertzog's liability. Plaintiff

did not oppose the motion, and the remaining codefendants did not submit any opposing expert opinion evidence *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Graves v Rochester Gen. Hosp.,* 135 AD2d 1130; *Maust v Arseneau,* 116 AD2d 1012; *Fileccia v Massapequa Gen. Hosp.,* 99 AD2d 796, *affd* 63 NY2d 639). We reject the codefendants' claim that the submission of such evidence was unnecessary because Hertzog was actively involved in the treatment of decedent. Assuming for purposes of the motion that Hertzog did have a conversation with Dr. Wierzbieniec for the purpose of explaining comments in his pathology report, the gravamen of Dr. Hertzog's alleged malpractice is a failure to determine whether the tumor he examined was benign or malignant. The codefendants have submitted no evidentiary material indicating that Hertzog's alleged failure to diagnose, or suggested course of treatment based upon that diagnosis, constituted a deviation from accepted medical practice. Under the circumstances we modify the order to grant the motion of defendant Dr. Hertzog for summary judgment.

Denial of the hospital's summary judgment motion was proper. The moving papers include no material in evidentiary form concerning the numerous allegations of hospital negligence unrelated to Dr. Hertzog's conduct, and the hospital failed to sustain its evidentiary burden on this motion *(see, Winegrad v New York Univ. Med. Center,* 64 NY2d 851). (Appeal from order of Supreme Court, Erie County, Ricotta, J. —summary judgment.) Present—Dillon, P. J., Callahan, Doerr, Green and Davis, JJ.