■ ANTHONY P. RICCIO, JR., et al., Respondents, v THOMAS DE MARCO, JR., et al., Appellants.—Levine, J. Appeal from an order and judgment of the Supreme Court (Conway, J.), entered October 24, 1991 in Albany County, which granted plaintiffs' trial motion for judgment as a matter of law.

The parties own adjacent lots on Johnston Road in the Town of Guilderland, Albany County. Plaintiffs own the rear dominant parcel which they allege is accessible only by using a gravel road located along the northern portion of defendants' front servient parcel. In 1987, plaintiffs commenced this RPAPL article 15 action alleging that defendants obstructed access to their dominant lot, claimed entitlement to a 20-foot right-of-way along the north side of defendants' lot and requested injunctive relief enjoining defendants' interference with their use of such right-of-way.

At trial, four deeds were admitted into evidence. Defendants referred to and summarized these four deeds and the chain of title in their opening statement. After the parties' opening statements but prior to any testimony, plaintiffs moved for judgment as a matter of law based on the four deeds. Against defendants' *pro se* opposition urging that the motion was premature and that issues of fact remained, Supreme Court granted the motion, finding in its oral decision that no questions of fact existed and, based on defendants' opening statement, that "as a matter of law [plaintiffs established] a 20 foot

easement". That court permanently enjoined defendants from interfering with plaintiffs' 20-foot easement.

An understanding of the chain of title to these two parcels as well as the four deeds admitted into evidence at trial, and the key deed in the chain of title not admitted into evidence, is necessary to the disposition of this appeal. The parties' two lots were originally one parcel. In 1947 Nelson Quant and Bertha Quant conveyed the parcel to Edward Welsch. In 1948 Welsch divided the parcel into two lots, retaining the front servient lot and conveying the rear dominant lot to Leland Johnston and Mildred Johnston, granting "a right of way for ingress and egress to and from the [rear/dominant lot] along the northerly 20 feet of that portion of the [front/servient lot] retained by [Welsch], as said right of way [existed] and [was then] used". The deeds for these two conveyances were duly recorded and introduced by plaintiffs into evidence.[1] Defendants alleged in their opening statement at trial that Welsch subsequently also conveyed the front/servient lot to the Johnstons (in 1958), although that deed had not yet been offered into evidence when judgment was granted to plaintiffs and, therefore, does not appear in the record. Defendants have appended it to their brief. Indeed, plaintiffs concede in their brief that both the dominant and servient lots were conveyed to the Johnstons, which operated to extinguish the easement by merger (see, Andrews v Cohen, 221 NY 148; Castle Assocs. v Schwartz, 63 AD2d 481, 486; 2 Warren's Weed, New York Real Property, Easements, § 13.01 [4th ed]). Thereafter, in 1959, the Johnstons apparently conveyed the dominant lot with the easement to John Carriero, plaintiffs' predecessor in title, although that recorded deed was also never introduced into evidence. In 1963 Carriero conveyed the dominant lot to plaintiffs, with the right-of-way, which recorded deed was admitted into evidence. Finally, in 1966 the Johnstons conveyed the servient lot to defendants, subject to the 20-foot easement described in the 1948 conveyance; that recorded deed was also received in evidence.

We reverse and remit for further proceedings. The parties agree that the subject easement was extinguished by merger in 1958 at which time the Johnstons simultaneously owned the dominant and servient lots. Once an easement is extin-

---

1. The parties refer to a 1949 agreement entered into between the Welschs, Johnstons and two landowners adjacent to the servient lot regarding the subject right-of-way. This agreement, while recorded, was not introduced at trial and is not included in the record. Also, the agreement is not recited or referred to in any of the subsequent deed conveyances.

guished, the servient estate is relieved of the burden of the easement and the easement may be renewed in a subsequent conveyance of either lot only if sufficient language is used in the conveyance making clear an intent to recreate the easement de novo (see, *Parsons v Johnson,* 68 NY 62; *Snyder v County of Monroe,* 2 Misc 2d 946, *affd* 6 AD2d 854; *see also,* 49 NY Jur 2d, Easements, §§ 180, 193; 2 Warren's Weed, New York Real Property, Easements, §§ 13.01, 19.01 [4th ed]).[2] Plaintiffs contend that the 1959 conveyance to plaintiffs' predecessor effected a de novo creation of an easement, relying on the 1959 deed, appended to defendants' brief, which is not part of the record on appeal. Therefore, the easement contained in the 1963 conveyance of the dominant lot to plaintiffs is valid and enforceable only if the Johnstons had in 1959 granted and recreated such easement to Carriero (see, *Wilcox v Reals,* 178 AD2d 885, 885-886). Because the deed conveying the dominant estate to Carriero had not been admitted into evidence and is not part of the record, it was impossible for Supreme Court to determine whether the Johnstons' 1959 conveyance to Carriero recreated the easement which Carriero could then convey to plaintiffs in 1963 with the dominant estate. It was, therefore, improper for Supreme Court to grant plaintiffs judgment as a matter of law in the absence of this critical proof and prior to any opportunity for defendants to submit evidence.

We agree, as the parties urge, that plaintiffs' motion and Supreme Court's ruling are most appropriately viewed as a motion and grant of judgment as a matter of law under CPLR 4401. A CPLR 4401 motion should await the presentation of evidence by the opposing party, except that motions based on admissions are authorized "at any time" but may only be granted where counsel for the opposing party "deliberately and intentionally states or admits some fact that, in any view of the case, is fatal to the action" (*Hoffman House v Foote,* 172 NY 348, 351). Supreme Court should grant the motion only when convinced that the fact finder could not find for the opposing side by any rational process (see, Siegel, NY Prac § 402, at 608 [2d ed]). Neither defendants' opening statement

---

2. An exception exists with respect to an easement by necessity (see, 2 Warren's Weed, New York Real Property, Easements, § 43.01 [4th ed]). Plaintiffs alleged in their complaint that the easement was their sole means of access to their rear lot. Defendants in their answer alleged that they lacked knowledge and information sufficient to form a belief as to the necessity of the subject easement. On this record, there are insufficient facts upon which to resolve this issue.

nor their answer contain admissions establishing the existence and scope of an enforceable easement in plaintiffs' deed *(see, Hoffman House v Foote, supra,* at 351). Rather, defendants' *pro se* opening—viewed most favorably—sufficiently adverted to the merger of title and questioned the subsequent recreation of the easement and its scope. A trial court should not grant judgment as a matter of law during trial where, as here, questions of fact remain in the action *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see also, McLoughlin v Holy Cross High School,* 135 AD2d 513; *Gavigan v John Di Giulio, Inc.,* 84 AD2d 857, 858). Therefore, we remit to Supreme Court for further proceedings to permit the parties to present the evidence necessary to resolve this action and to determine, *inter alia,* whether the extinguished easement was recreated in the 1959 conveyance to plaintiffs' predecessor in title, whether an easement by necessity was revived upon the 1959 conveyance and the scope of the subject easement, as necessary.

Mikoll, J. P., Yesawich Jr., Mercure and Harvey, JJ., concur. Ordered that the order and judgment is reversed, on the law, without costs, motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision.