MOLLIE FRIDOVICH, as Executrix of BELLA FINKEL, Deceased, Appellant, v DENNIS R. DAVID et al., Defendants, and JOHN D. FULCO et al., Respondents. [617 NYS2d 388] —Mercure, J. Appeal from an order of the Supreme Court (Doran, J.), entered October 26, 1992 in Schenectady County, which granted certain defendants' motions for summary judgment dismissing the complaint against them.

Plaintiff commenced this medical malpractice action to recover for the conscious pain and suffering and death of decedent, Bella Finkel. In December 1980, defendant John D. Fulco, a physician specializing in radiology, scheduled a needle cholangiogram and percutaneous transhepatic bile drainage in order to identify and relieve an obstruction in Finkel's bile duct. Prior to the procedures, Fulco prescribed medications to ensure that Finkel was rested and to relieve the discomfort caused by the injection of needles into the capsule of the liver. Fulco completed the cholangiogram, which disclosed an irregular nodular mass at the distal portion of the common bile duct, consistent with a neoplastic mass of the ampulla of Vater or head of the pancreas, and complete obstruction of the common bile duct. In order to drain the bile that had accumulated, Fulco then inserted a needle into Finkel's liver and prepared to advance a catheter and guide wire into the liver bile duct and toward the common bile duct. However, movement by Finkel inadvertently dislodged the catheter and guide wire, as a result of which Fulco terminated the procedure. Defendant Dennis R. David then performed surgery on Finkel to deal with possible bile duct leakage and to drain the bile and bypass the obstruction. During the course of that surgery, David found a hard mass at the head of Finkel's pancreas, which he diagnosed as carcinoma. Finkel was thereafter treated by defendant John W. Jaski for the diagnosed carcinoma. Finkel died of cardiac arrest on April 16, 1982.

Plaintiff commenced this action against, *inter alia,* (1) David, based upon his failure to perform a biopsy to confirm his diagnosis of carcinoma, (2) Fulco and his associated medical practice, defendant Schenectady Radiologists, P. C., based upon his prescription of allegedly inappropriate medications prior to his performance of the December 1980 procedures, (3)

Jaski and his associated medical practice, defendant Oncology Hematology Associates, based upon his administration of allegedly inappropriate drugs to Finkel during the course of his treatment of her diagnosed carcinoma, and (4) defendant Joseph B. Cavallaro, Finkel's treating gastroenterologist. This Court previously dismissed the complaint against David because of plaintiff's failure to oppose David's summary judgment motion with competent medical evidence of a causal nexus between David's alleged malpractice and any injury to Finkel (188 AD2d 984, 986). Subsequently, Fulco, Schenectady Radiologists, Jaski, Oncology Hematology Associates and Cavallaro moved for summary judgment. Supreme Court granted the motions and dismissed the complaint against Fulco, Schenectady Radiologists, Jaski and Oncology Hematology Associates because of plaintiff's failure to come forward with competent evidence of causally related damage and against Cavallaro because of plaintiff's failure to come forward with competent evidence of malpractice. Plaintiff appeals.

We affirm. Initially, in her brief plaintiff does not address the propriety of Supreme Court's grant of summary judgment in favor of Cavallaro, so her appeal as to that defendant is deemed abandoned (see, First Natl. Bank v Mountain Food Enters., 159 AD2d 900, 901). As to the other moving defendants, we agree with Supreme Court that plaintiff failed to oppose their prima facie showing of entitlement to judgment as a matter of law with competent evidence that Finkel sustained causally related injury as a result of their conduct. The unsworn medical reports and summaries proffered by plaintiff were properly rejected by Supreme Court because plaintiff offered no excuse for her failure to provide them in proper form (see, Grasso v Angerami, 79 NY2d 813). Similarly, the medical analysis contained in plaintiff's lengthy pro se briefs is entitled to no consideration. As found by Supreme Court, the only competent medical evidence presented in opposition to the motions consisted of two brief, vague and superficial affidavits of Charles Beauchamp. The affidavits fail to indicate that Beauchamp was familiar with the appropriate standard of care (see, Weinstein v Daman, 132 AD2d 547, 550, lv dismissed 70 NY2d 872, 951; Hoagland v Kamp, 155 AD2d 148, 150) and neither affidavit states that any of the cited deviations was a proximate cause of any injury to Finkel (see, Fridovich v David, 188 AD2d 984, 985-986, supra; Amsler v Verrilli, 119 AD2d 786, 787; Monahan v Weichert, 82 AD2d 102, 107). Accordingly, the complaint was properly dismissed against all moving defendants.

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.