█ NICHOLAS R. LoPIANO et al., Respondents, v BRUCE MINDICH et al., Appellants, et al., Defendant. [655 NYS2d 555] —In an action, *inter alia*, to recover damages for medical malpractice, the defendants Bruce Mendich and Bruce Mendich, M.D., P. C., appeal from so much of an order of the Supreme Court, Suffolk County (Tannenbaum, J.), dated January 29, 1995, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendant is severed.

The injured plaintiff Nicholas LoPiano underwent coronary bypass surgery at the defendant St. Luke's-Roosevelt Hospital Center in January 1993. It is undisputed that the defendant Dr. Bruce Mindich performed the surgical procedure and that LoPiano developed a post-operative sternal wound infection. LoPiano and his wife commenced this action against the hospital and the appellants herein, Dr. Mindich and his medical practice, to recover damages for injuries allegedly sustained as a result of the defendants' negligence.

In their separate motions for summary judgment, the appellants and the defendant St. Luke's-Roosevelt Hospital Center established prima facie that there was no departure from accepted sterile techniques and standards during the course of the surgical procedure. The evidence submitted by the plaintiffs established, at best, that while LoPiano was being prepared for surgery in a nearby staging area, unidentified hospital personnel with surgical garments on their heads and feet walked out of the operating room to the bathroom, and then returned to the operating room with residue from the bathroom floor on their feet. The plaintiffs failed to submit any evidence of wrongdoing by the appellants, and there is no basis for imposing liability on them based on the conduct of the hospital staff (*see, Striano v Deepdale Gen. Hosp.*, 54 AD2d 730). Furthermore, there is no indication that the plaintiffs attempted to ascertain facts which would give rise to triable issues (*see, Meath v Mishrick*, 68 NY2d 992; *Delaney v Good Samaritan Hosp.*, 204 AD2d 678; *Rodriguez v City of New York*, 144 AD2d 352, 354).

The Supreme Court therefore erred in denying the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them. Ritter, J. P., Pizzuto, Altman and Krausman, JJ., concur.