■ KATHLEEN B. DOYLE, Individually and as Adminstratrix of the Estate of KIMMARIE T. BAGLEY, Deceased, Respondent, v HEALTH CARE PLAN, INC., et al., Defendants, and BAHRAM CHUBINEH, Appellant. [666 NYS2d 60] —Order unanimously reversed on the law without costs, motion granted and complaint against Bahram Chubineh, M.D., dismissed. Memorandum: Supreme Court erred in denying the motion of Bahram Chubineh, M.D. (defendant), for summary judgment dismissing the complaint against him in this action for medical malpractice. The complaint alleged that defendant was negligent in reading and interpreting X-rays of plaintiff's decedent. In support of his motion, defendant submitted his affidavit and the affidavit of a medical expert stating that defendant's examination of the X-rays was in accordance with good and accepted practice in the field of radiology. Those affidavits established defendant's entitlement to summary judgment as a matter of law and shifted the burden to plaintiff to come forward with expert medical proof sufficient to establish the existence of a material issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-327; *Santangelo v Crouse Med. Group*, 209 AD2d 942, *appeal dismissed* 85 NY2d 905; *Groeger v Col-Les Orthopedic Assocs.*, 149 AD2d 973). The only expert medical proof submitted by plaintiff, however, was an unsworn report from a medical expert, which does not constitute proof in admissible form (*see, Grasso v Angerami*, 79 NY2d 813, 814; *Lough v City of Syracuse*, 191 AD2d 1018, 1019; *Rohr v Hoyt*, 159 AD2d 980). Absent any expert medical proof in admissible form sufficient to establish a triable issue of fact, defendant was entitled to summary judgment (*see, Fileccia v Massapequa Gen. Hosp.*, 99 AD2d 796, *affd* 63 NY2d 639; *Santangelo v Crouse Med. Group*, *supra*). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Callahan and Fallon, JJ.