■ KATHLEEN PAPINEAU, Formerly Known as KATHLEEN DRAPER, Appellant, v EDWARD M. POWELL et al., Respondents. [675 NYS2d 169] —Spain, J. Appeal from an order of the Supreme Court (Demarest, J.), entered May 20, 1997 in St. Lawrence County, which granted defendants' motion to dismiss the complaint for failure to comply with a prior court order.

Plaintiff commenced this medical malpractice action in January 1993, based upon injuries she allegedly sustained as the result of medical treatment rendered by defendants in 1991. The case was scheduled for trial four times but each time was marked off Supreme Court's calendar, twice due to the unavailability of plaintiff's attorney and twice due to the unavailability of plaintiff's expert witness. After the case was stricken from the court's calendar for the fourth time, Supreme Court directed, by order dated October 25, 1996, that the matter would be dismissed on the merits unless plaintiff made a mo-

---

* Although there was a finding of neglect against Kaleb's father as well, only respondent is appealing.

tion within 120 days requesting that the case be restored to the ready calendar, together with an expert's affidavit of merit. Plaintiff duly applied for restoration on February 19, 1997 but neglected to supply the required expert affidavit of merit, giving rise to defendants' motion for dismissal. Supreme Court granted the motion and this appeal ensued.

We affirm. In support of her application for restoration, plaintiff submitted a letter from a neurosurgeon that fails to satisfy Supreme Court's order requiring an expert's "affidavit of merit". The letter is not sworn to, is not in admissible evidentiary form and does not include the author's expert opinion either that defendants deviated from accepted medical practice in their treatment of plaintiff or that their actions were proximately responsible for plaintiff's alleged injuries (*see, Romatowski v Hitzig*, 227 AD2d 870, 871, *lv dismissed, lv denied* 89 NY2d 915; *Fridovich v Finkel*, 208 AD2d 1004, 1005, *lv dismissed* 86 NY2d 759). As the unsworn letter submitted by plaintiff in support of her motion for restoration was clearly insufficient to comply with Supreme Court's directive, its order dismissing the action is affirmed.

Mercure, J. P., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.