■ BRENDA A. HERITAGE, Appellant, v BRUCE A. MANCE et al., Respondents. [695 NYS2d 770] —Mercure, J. Appeals (1) from an order of the Supreme Court (Keegan, J.), entered August 7,

1998 in Albany County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint, and (2) from an order of said court, entered December 4, 1998 in Albany County, which denied plaintiff's motion for reconsideration.

The parties' mother, Mildred Mance (hereinafter decedent), died in April 1978. Decedent's will, which was admitted to probate in Albany County, appointed plaintiff as executor of decedent's estate and made the following devise of decedent's real property, consisting of her residence in the Town of Guilderland, Albany County (hereinafter the property): "I give, devise and bequeath my real property unto [plaintiff,] with the expectation and desire but not a direction that if she should ever marry and have housing of her own and should * * * desire to sell my real property, that she will divide the net proceeds of the sale thereof and share equally with [defendants]." On March 5, 1980 plaintiff and defendants entered into a written agreement that gave binding effect to the precatory language contained in the above devise by providing that upon the sale of the property, the proceeds would be equally divided among the parties. The agreement also required plaintiff to maintain the property "in good habitable condition" and to pay the taxes and other expenses attributable to the property. Finally, the contract required that plaintiff obtain defendants' advance written approval for capital improvements to the property, in which case she could recover the cost thereof out of the proceeds of a sale of the property. Then, on December 28, 1981, plaintiff executed a deed transferring title to the property from herself, as executor of decedent's estate, to herself individually; the conveyance was expressly subject to the terms of the March 5, 1980 contract.

On June 23, 1997 plaintiff commenced this action seeking to cancel the March 1980 contract and the December 1981 deed and for judgment declaring that defendants have no interest in the property. Following joinder of issue, defendants moved for summary judgment dismissing the complaint as barred by the applicable Statute of Limitations. Plaintiff opposed the motion and cross-moved for summary judgment in her favor. Supreme Court granted the motion and denied plaintiff's cross motion, as well as her subsequent motion for reconsideration. Plaintiff appeals from both orders and we affirm.

Although the complaint is inartfully drafted, its essential theory appears to be that the March 5, 1980 contract is unconscionable and was induced by fraud. Therefore, the action would appear to be governed by the six-year Statute of Limita-

tions of CPLR 213, applicable to "an action for which no limitation is specifically prescribed by law" (CPLR 213 [1]), "an action upon a contractual obligation or liability" (CPLR 213 [2]) or "an action based upon fraud" (CPLR 213 [8]). Measured from the date of the parties' March 5, 1980 agreement, the six-year limitations period would have run in March 1986, more than 11 years prior to the commencement of this action.

To the extent that plaintiff claims a tolling based upon her later "discovery" of defendants' fraud, plaintiff was required to commence the action within two years of the time when she could with reasonable diligence have discovered the underlying facts (CPLR 203 [g]; 213 [8]). In view of the fact that the qualifying language of the devise to plaintiff was clearly precatory and not legally enforceable, the unconscionable nature of (and absence of consideration for) the March 1980 contract was patent. In any event, plaintiff surely had notice of the burden imposed by the contract on March 22, 1988 when a lending institution denied her application for a home equity loan on the property absent defendants' consent to the encumbrance. We therefore conclude that the Statute of Limitations expired at the very latest in March 1990 and that the action is time barred.

As a final matter, we further conclude that Supreme Court did not err in denying plaintiff's motion for reconsideration. There is no appeal from the denial of a motion for reargument (*see, Spa Realty Assocs. v Springs Assocs.*, 213 AD2d 781, 783). In any event, there was no misapprehension of relevant facts or misapplication of applicable law justifying reargument (*see, Mangine v Keller*, 182 AD2d 476, 477). To the extent that it sought renewal, the motion was correctly denied because the "newly discovered material" proffered by plaintiff was lacking in probative value and also because plaintiff failed to provide a sufficient excuse for her failure to produce it on the original motion (*see, id.*).

The parties' additional contentions have been considered and found to be lacking in merit.

Mikoll, J. P., Crew III, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the orders are affirmed, with costs.