■ Frank Giambona, Appellant, v Samuel Stein, Respondent. [697 NYS2d 399] —Carpinello, J. Appeal from an order of the Supreme Court (Teresi, J.), entered October 16, 1998 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint.

In 1989 and 1990, plaintiff complained of persistent itching and treated with several dermatologists, including defendant, to no avail. After exhibiting additional symptoms in September 1990, he was ultimately diagnosed with Hodgkin's disease two months later. He thereafter commenced this action against defendant, who had treated him between December 1989 and July 1990. Specifically, plaintiff alleged that in January 1990, defendant had ordered blood work revealing that plaintiff had an elevated white blood count, but defendant failed to order additional blood tests or follow-up treatment. Plaintiff's only expert to support his malpractice claim was Lee Lumpkin, a dermatologist, who testified by video deposition that defendant deviated from acceptable medical practice when he failed to follow up on the abnormal blood test results.

Alleging that Lumpkin offered no opinion of a causal nexus between defendant's alleged malpractice and any injury to plaintiff, defendant moved to dismiss the case with prejudice during jury selection. After reviewing the transcript of Lumpkin's videotaped testimony and after eliciting a concession from plaintiff's counsel that "Lumpkin's transcript and deposition [was] the sole expert testimony * * * in support of [plaintiff's] claim [that] there was a deviation and causal relationship of that deviation to the disease", Supreme Court treated defendant's motion to dismiss as a motion for summary judgment and granted the motion.

On appeal, plaintiff contends that Supreme Court should have permitted plaintiff to present his case to the jury (i.e., play the videotape of Lumpkin's testimony to jurors and ostensibly offer factual evidence) and then entertain a motion to dismiss. Whether viewed in the context of a motion to dismiss pursuant to CPLR 4401 based upon an admission* or a motion for summary judgment pursuant to CPLR 3212 (a) for good cause shown, the complaint was properly dismissed. Fatally absent in Lumpkin's testimony, which was admittedly plaintiff's only expert evidence (see, Riccio v De Marco, 188 AD2d 847, 849, supra), is any opinion or testimony causally connecting defendant's alleged deviation with an injury to plaintiff, a critical element of any viable medical malpractice action.

It is beyond cavil that, to succeed in a medical malpractice action, a plaintiff must demonstrate, typically via expert medical opinion evidence, that a physician deviated or departed from accepted practice and that such departure was a proximate cause of injury or damage (see, e.g., Stuart v Ellis Hosp., 198 AD2d 559, 560-561; Amsler v Verrilli, 119 AD2d 786, 787; see also, Fiore v Galang, 64 NY2d 999, 1000-1001). Lumpkin failed to demonstrate that defendant's alleged deviation actually delayed diagnosis of the disease, resulted in different treatment for plaintiff or adversely affected his physical condition or ultimate prognosis (see, Bossio v Fiorillo, 210 AD2d 836, 838). To the contrary, Lumpkin testified that it was impossible to determine when plaintiff's disease was diagnosable. Moreover, when asked if defendant should have been able to make this diagnosis during the 7½ months he treated plaintiff, Lumpkin responded, "I'll have to say not necessarily." No opinion or testimony was offered by Lumpkin concerning causation or injury. In the absence of expert medical proof that defendant's conduct, omissions or departures were a competent producing cause of any injury or damage to plaintiff or caused a worsening of his condition, plaintiff would have been unable to establish a prima facie case of medical malpractice to the jury and the complaint was properly dismissed (see, Grassel v Albany

---

* A motion to dismiss pursuant to CPLR 4401 based upon an admission is authorized "at any time" and judgment may be granted where counsel for the party opposing the motion " 'deliberately and intentionally states or admits some fact that, in any view of the case, is fatal to the action' " (Riccio v De Marco, 188 AD2d 847, 849, quoting Hoffman House v Foote, 172 NY 348, 351). In other words, "the admissions must be so self-defeating as to irreparably preclude all possibility of judgment" (De Vito v Katsch, 157 AD2d 413, 416). The fatal admission in this case was counsel's concession that Lumpkin's videotaped deposition was plaintiff's sole expert testimony.

*Med. Ctr. Hosp.*, 223 AD2d 803, 805, *lv dismissed and denied* 88 NY2d 842; *Macey v Hassam*, 97 AD2d 919, 920).

Mercure, J. P., Crew III and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.