■ DANIEL A. COWAN, Appellant, v JOHN T. CARNEVALE et al., Respondents. [752 NYS2d 737] —Cardona, P.J. Appeals (1) from an order of the Supreme Court (Sheridan, J.), entered October 31, 2001 in Albany County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered March 19, 2002 in Albany County, which denied plaintiff's motion for reconsideration.

This appeal concerns plaintiff's claimed entitlement to use of an appurtenant easement over property owned by defendants in the City of Albany. In 1984, Paul Pintavalle, defendant Donna S. Carnevale (who was then known as Donna Cowan) and defendant John T. Carnevale purchased 285 Lark Street in the City of Albany, as tenants in common. The conveyance was subject to an express easement in the deed granting the residents and owners of the adjoining property, 287 Lark Street, and their successors the right to maintain and repair electric meters located at 285 Lark Street, as well as the right to, inter alia, use a fire escape located between the two buildings. In 1988, defendants, now married, purchased 287 Lark Street as tenants by the entirety and provided plaintiff, Donna Carnevale's father, with a purchase-money mortgage since he provided funds for the transaction. In 1993, a deed was recorded whereby Pintavalle conveyed his interest in 285

Lark Street to defendants.* In 2000, following defendants' default of mortgage payments, plaintiff initiated a foreclosure action in reference to the 287 Lark Street property. During the pendency of the proceedings, defendants conveyed 287 Lark Street to themselves in a November 2000 deed which stated that defendants "intend[ed] that the Easement will merge with the fee of 285 Lark Street thereby terminating the Easement." In 2001, plaintiff was deeded 287 Lark Street after purchasing it at auction. Defendants responded by locking the fire escape between the two buildings and blocking plaintiff's access to the electric meters at 285 Lark Street.

Thereafter, plaintiff initiated this action seeking a permanent injunction against defendants interfering with his use of the easement and money damages. Plaintiff also obtained a temporary injunction requiring defendants to allow plaintiff access to the easement area. Defendants denied the existence of the easement in their answer and counterclaimed seeking a determination that plaintiff and his successors had no rights in 285 Lark Street, as well as damages for trespass. Counsel for all parties agreed that the only question was one of law, i.e., whether an easement existed. The parties submitted motions for summary judgment and, in an order dated October 31, 2001, Supreme Court, inter alia, granted defendants' motion for summary judgment on the grounds that the express easement in the 1984 deed had been extinguished by the doctrine of merger in 1988, that plaintiff had not shown the existence of an easement by necessity, and the 2000 deed was moot because of the easement's prior termination by merger. Following plaintiff's filing of a notice of appeal from that order, he brought a motion for renewal and reargument, which was denied, prompting plaintiff to also appeal that order.

Plaintiff contends that Supreme Court erred in determining that the easement was extinguished by the doctrine of merger when defendants acquired title to 287 Lark Street in 1988. Upon review of the undisputed proof in this record, we agree. Notably, the general rule is that "a person cannot have an easement in his or her own land," (*Will v Gates*, 89 NY2d 778, 784) and, therefore, when both the dominant and servient estates are entirely owned by the same person, the easement is extinguished by the doctrine of merger (*see id.*; *Riccio v De Marco*, 188 AD2d 847, 848). Simply, under those circumstances, the easement serves no purpose because the owner may use ei-

---

* Although the 1993 deed is not included in the record on appeal, specific reference thereto is included in defendants' November 2000 deed purporting to extinguish the appurtenant easement.

ther estate freely (*see Will v Gates, supra* at 784). Significantly, however, "[m]erger is not effective, and an easement is not extinguished as a result of the merger, if the person owning both the dominant and servient estates only holds title to the servient tenement as tenant in common with another. He must own the entire title to both lots in fee if the easement is to terminate by merger" (5 Warren's Weed, New York Real Property, Easements § 15.02 [2] [4th ed]; *see Will v Gates, supra*; *Perry-Gething Found. v Stinson*, 218 AD2d 791, 793, *lv denied* 87 NY2d 810; *Koshian v Kirchner*, 139 AD2d 942, 943; *see also* 28A CJS, Easements § 123, at 307-308).

Here, the record establishes that, at the time defendants purchased the dominant estate, 287 Lark Street, in 1988, they only owned a "fractional" interest in the servient estate, 285 Lark Street, and, therefore, there was no "unity of title" (*Koshian v Kirchner, supra* at 943; *see* 5 Warren's Weed, New York Real Property, Easements § 15.02 [2] [4th ed]). Under the circumstances, the easement was not extinguished by merger at that time. Furthermore, although defendants did acquire the requisite unity of title in 1993, that fact is not dispositive herein in light of the mortgage exception to the merger doctrine. That exception provides that the "mortgagee of the dominant estate is protected from losing its interest in an easement otherwise extinguished when fee title to the dominant estate and fee title to the servient estate have been united in one fee owner" (*Pergament v Loring Props. Ltd.*, 599 NW2d 146, 149-150 [Minn]; *see* Restatement of Property § 497, Comment *d*). Given the existence of the 1988 purchase-money mortgage on the dominant estate, plaintiff's interest in the easement was protected at the time of the mortgage foreclosure sale, irrespective of any intervening actions by defendants (*see generally Odell v Buck*, 5 AD2d 732; 5 Warren's Weed, New York Real Property, Easements § 11.04 [4th ed]). Accordingly, plaintiff established his entitlement to summary judgment.

In light of our determination, it is unnecessary to consider plaintiff's other contentions, including his claim that the proof established the existence of an implied easement or easement by necessity. Additionally, the parties' arguments relating to the motion for reconsideration have been rendered academic.

Mercure, Peters, Spain and Rose, JJ., concur. Ordered that the order entered October 31, 2001 is reversed, on the law, with costs, defendants' motion denied, plaintiff's motion granted and defendant is permanently enjoined from interfering in plaintiff's reasonable use of the subject easement.

Ordered that the appeal from the order entered March 19, 2002 is dismissed, as academic.