■ George W. Chase, as Administrator of the Estate of Margaret Chase, Deceased, Appellant, v Cayuga Medical Center at Ithaca, Inc., Respondent. [769 NYS2d 311]—

Kane, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered March 4, 2002 in Tompkins County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff's wife (hereinafter decedent) was admitted to defendant's hospital by her attending physician. Medical records establish that defendant's nurses and staff monitored decedent and substantially followed her physician's orders in providing treatment. Unfortunately, decedent expired the morning after her admission. Supreme Court granted defendant's motion for summary judgment in this medical malpractice action, resulting in plaintiff's appeal.

Supreme Court properly granted defendant's motion and dismissed the complaint. The proponent of such a motion "must make a prima facie showing of entitlement to judgment as a matter of law" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Defendant did so here by submitting decedent's medical records and the detailed affidavits of experts in medicine and nursing opining that defendant's employees provided appropriate care. Plaintiff was then required to rebut this showing "by establishing a departure from accepted medical practice, as well as a nexus between the alleged malpractice and [decedent's] injury" (*Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 917 [2000], *lv denied* 95 NY2d 751 [2000]). This showing must generally be made through expert medical opinion evidence (*see Giambona v Stein*, 265 AD2d 775, 776 [1999]).

Plaintiff's only medical evidence consisted of two notarized, but unsworn, letters from an out-of-state physician which contained general allegations but never opined within a reasonable degree of medical certainty that defendant's employees deviated from accepted medical practice. Most of this expert's opinions were directed toward care provided by decedent's physician, who was not a party and not defendant's employee. In regard to the nursing care provided, the letters stated that "[i]t is *possible* that more aggressive monitoring and treatment *might* have allowed [decedent] to survive that hospitalization" (emphasis added). General, conclusory allegations of medical

malpractice, based on speculation or unsupported by competent evidence, are insufficient to meet plaintiff's burden and defeat summary judgment (*see Alvarez v Prospect Hosp., supra* at 325, 327; *Rossi v Arnot Ogden Med. Ctr., supra* at 918). In any event, an unsworn letter from an out-of-state expert is inadmissible, thereby insufficient as evidence to defeat the motion (*see Stuart v Ellis Hosp.*, 198 AD2d 559, 560 [1993]; *see also Papineau v Powell*, 251 AD2d 924, 925 [1998]). Plaintiff's own medical analysis, provided in his pro se briefs, cannot be considered because he is not qualified as a medical expert (*see Giambona v Stein, supra* at 776; *Fridovich v David*, 208 AD2d 1004, 1005 [1994], *lv dismissed* 86 NY2d 759 [1995]). Based on the lack of admissible expert proof that defendant deviated from accepted practices or that any such negligence proximately caused decedent's death, summary judgment was appropriate (*see Horth v Mansur*, 243 AD2d 1041, 1043 [1997]).

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.