■ ELIZABETH F. HOFFMAN, Appellant, v VALMORE A. PELLETIER et al., Respondents. [775 NYS2d 397]—

Rose, J. Appeal from an order of the Supreme Court (Williams, J.), entered December 23, 2002 in Saratoga County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff commenced this medical malpractice action to recover damages for defendants' alleged failure to prevent and promptly diagnose the staph infection that she developed during the three weeks following a cervical laminectomy performed by defendant Valmore A. Pelletier at defendant Samaritan Hospital. Finding no triable issue of fact, Supreme Court granted defendants' motions for summary judgment dismissing the complaint on the ground that they did not deviate from accepted standards of care in performing the surgery or rendering postoperative care. When plaintiff then moved for reargument and renewal based on an affidavit of James Cole, a physiatrist, Supreme Court denied her motion. Plaintiff now appeals.

We are precluded from considering Supreme Court's ruling denying plaintiff's motion to reargue or renew because she did not include that order in her notice of appeal. Were it properly

before us, however, we would affirm. To the extent that her motion sought reargument, no appeal lies (*see Heritage v Mance*, 265 AD2d 657, 659 [1999]). To the extent that it sought renewal, it was properly denied because she failed to show that Cole's affidavit constituted newly discovered evidence. Nor did she offer a justifiable excuse for not providing that affidavit in opposition to defendants' earlier motions (*see Grassel v Albany Med. Ctr. Hosp.*, 223 AD2d 803, 804 [1996], *lv dismissed and denied* 88 NY2d 842 [1996]).

As for Supreme Court's order dismissing her complaint, which is properly before us, plaintiff argues that defendants failed to meet their prima facie burden of establishing their entitlement to summary judgment. She argues in the alternative that, if they did so, the affidavits of a licensed practical nurse and a dentist/psychologist submitted in opposition to defendants' motions are sufficient to raise issues of fact. We cannot agree. Defendants' expert medical opinions made a prima facie showing that, contrary to plaintiff's claim, a nonsterile instrument was not used during her surgery and, thus, it could not have been the cause of plaintiff's postoperative infection. Defendants' supporting papers also established that plaintiff did not have symptoms of a surgical-site infection two weeks following surgery, the source of her staph infection was never identified and her postoperative care did not deviate from accepted standards (*see Torns v Samaritan Hosp.*, 305 AD2d 965, 966 [2003]; *Horth v Mansur*, 243 AD2d 1041, 1043 [1997]; *Fridovich v David*, 188 AD2d 984, 985 [1992]). Accordingly, to defeat defendants' motions, plaintiff was obligated to submit competent, rebuttal medical evidence establishing that defendants deviated from the applicable standard of care, as well as a causal nexus between their conduct and her injuries (*see Schuller v Martinelli*, 304 AD2d 967, 968 [2003], *lv denied* 100 NY2d 509 [2003]; *Rossi v Arnot Ogden Med. Ctr.*, 268 AD2d 916, 917 [2000], *lv denied* 95 NY2d 751 [2000]).

Here, as Supreme Court observed, the affidavits of plaintiff's two experts establish neither their competency to render an opinion as to the applicable standards of care nor a deviation from those standards by any defendant. Although the affidavit of the licensed practical nurse indicates some postoperative care experience and familiarity with infection control protocols, she claimed no expertise in either surgical procedures or diagnosis of infections, and offered no opinion as to the specific standards of care applicable to defendants in plaintiff's case. While her affidavit faults the poor nursing documentation she found in plaintiff's medical records, she fails to establish a causal connec-

tion between the faulty documentation and plaintiff's infection or attribute any negligence to defendants in the subsequent diagnosis of that infection (*see Giambona v Stein*, 265 AD2d 775, 776 [1999]; *LoPiano v Mindich*, 237 AD2d 415, 416 [1997]). Similarly, the affidavit of the dentist/psychologist also claims no expertise regarding surgical procedures or diagnosis of infections and cites only to medical journals for the accepted standards in preventing and diagnosing infections. While she opines that Pelletier should have administered an antibiotic before surgery and defendants should have ordered certain blood tests to more promptly detect plaintiff's infection, it is clear that neither she nor the licensed practical nurse has the requisite personal knowledge and experience to opine about the quality of defendants' surgical and postoperative care (*see Jordan v Glens Falls Hosp.*, 261 AD2d 666, 667 [1999]; *LaMarque v North Shore Univ. Hosp.*, 227 AD2d 594, 594-595 [1996]).

Even if we were to also consider Cole's terse affidavit, which was not before Supreme Court until plaintiff moved for renewal, we would still find no triable issue of fact because Cole makes no reference to the applicable standard of care or any deviation by defendants. Instead, Cole offers only his opinion that plaintiff's surgery and/or postoperative care proximately caused her infection. Because Cole's conclusory statements lack evidentiary support, they have no probative force as to a causal connection between the alleged malpractice and plaintiff's injuries (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 325 [1986]; *Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d 990, 990-991 [2003]; *Rossi v Arnot Ogden Med. Ctr., supra* at 918).

Plaintiff also seeks to rely on the doctrine of res ipsa loquitur to attribute her infection to some aspect of her surgery or hospitalization without having to show exactly when or by what means it was contracted. Since plaintiff offered only Cole's conclusory opinion that the staph infection was caused by her surgery or hospitalization, however, she failed to satisfactorily establish that her injury was caused by an instrumentality within the exclusive control of defendants (*see Storniolo v Bauer*, 176 AD2d 550, 551 [1991], *lv denied* 79 NY2d 752 [1992]; *Myers v Hospital Assn. of City of Schenectady*, 45 AD2d 780, 780 [1974]). Inasmuch as she offered no proof that such infections do not occur in the absence of negligence, res ipsa loquitur is inapplicable (*see Storniolo v Bauer, supra* at 551; *Pipers v Rosenow*, 39 AD2d 240, 244-245 [1972]).

Finally, as plaintiff is not qualified as a medical expert, her own medical analysis, provided in her affidavit and pro se briefs,

cannot be considered (*see Chase v Cayuga Med. Ctr. at Ithaca, supra* at 991). Based on the lack of admissible expert proof that defendants deviated from accepted practices or that any such negligence proximately caused plaintiff's infection or complications, summary judgment was appropriate.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.