■ JANET CALLAGHAN, Respondent, v GERARD CALLAGHAN, Defendant. ALLAN J. BERKE, Nonparty Appellant. [785 NYS2d 708]— In an action for a divorce and ancillary relief, the plaintiff's former attorney, Allan J. Berke, appeals from an order the Supreme Court, Westchester County (Montagnino, R.), entered February 10, 2004, which granted the plaintiff's motion pursuant to CPLR 4401, made prior to the completion of a hearing to fix the amount of his retaining lien, for judgment as a matter of law dismissing his claim for an attorney's fee and to direct him to turn over the plaintiff's legal file to incoming counsel.

In an action for a divorce and ancillary relief, the plaintiff's former attorney, Allan J. Berke, appeals, as limited by his brief, from so much of an order the Supreme Court, Westchester

County (Montagnino, R.), entered April 9, 2004, as, upon reargument, adhered to its original determination in an order dated March 19, 2004, granting the plaintiff's motion pursuant to CPLR 4401, made prior to the completion of a hearing to fix the amount of his retaining lien, for judgment as a matter of law dismissing his claim for an attorney's fee and to direct him to turn over the plaintiff's legal file to incoming counsel.

Ordered that the appeal from so much of the order as, upon reargument, adhered to the original determination in an order entered February 10, 2004, to direct the appellant to turn over the plaintiff's legal file to incoming counsel is dismissed as academic; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law and the facts, and upon reargument, that branch of the plaintiff's motion which was pursuant to CPLR 4401 for judgment as a matter of law dismissing the appellant's claim for an attorney's fee is denied, the matter is remitted to the Supreme Court, Westchester County, for further proceedings in accordance herewith, and the order entered February 10, 2004, is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the nonparty appellant.

The Supreme Court erred in granting that branch of the plaintiff's motion which was pursuant to CPLR 4401 for judgment as a matter of law made prior to the completion of a hearing to fix the amount, if any, of the retaining lien of the nonparty appellant, to dismiss the claim for an attorney's fee (*see Hoffman House, N.Y. v Foote*, 172 NY 348, 351 [1902]; *Riccio v De Marco*, 188 AD2d 847 [1992]; *De Vito v Katsch*, 157 AD2d 413, 417 [1990]; *see also* Siegel, NY Prac § 402, at 648 [3d ed]). Although the appellant's retaining lien has apparently been extinguished by his surrender of the plaintiff's legal file, the Supreme Court retains jurisdiction pursuant to Judiciary Law § 475 to determine the appellant's entitlement to a fee based upon his charging lien against any proceeds of this action (*see Costello v Kiaer*, 278 AD2d 50 [2000]). Ritter, J.P., Goldstein, Smith and Fisher, JJ., concur.