■ TIMOTHY R. MOON, Appellant, v CORTLAND MEMORIAL HOSPITAL, Respondent, et al., Defendants. [810 NYS2d 555]—

Carpinello, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered December 23, 2004 in Cortland County, which granted a motion by defendant Cortland Memorial Hospital for summary judgment dismissing the complaint against it.

This action was commenced in January 2003 based on allegations that plaintiff's right kidney was removed without his knowledge during a 1978 appendectomy when he was seven years old. It is undisputed that it was filed well beyond the expiration of the applicable statute of limitations. However, plaintiff claims that "defendants"* should be estopped from raising this defense under *Simcuski v Saeli* (44 NY2d 442 [1978]) because they engaged in fraud, misrepresentation and deception by allegedly concealing the fact that his right kidney had been removed during the prior surgery. Because plaintiff has failed to tender proof in admissible form to establish that his kidney had in fact been removed, he has raised no issue of fact as to whether defendant Cortland Memorial Hospital should be equitably estopped from raising the statute of limitations defense (*cf. Edmonds v Getchonis*, 150 AD2d 879, 882 [1989]).

In support of summary judgment and in opposition to plaintiff's cross motion for like relief, Cortland presented expert medical proof in admissible form to establish that the absence of plaintiff's right kidney was a congenital defect. Specifically, a board-certified radiologist opined to a reasonable degree of medical certainty that plaintiff's right kidney was not removed during the 1978 appendectomy but rather he was born without it. According to this expert, plaintiff's colon is located in the "right renal fossa," an anatomical anomaly found in those instances where one is born without a kidney. Moreover, again according to this expert, plaintiff's left kidney is hypertrophic, also indicative of the fact that he was born without the right one.

Next, a board-certified general surgeon opined that plaintiff's

---

* The only defendant at issue on appeal is defendant Cortland Memorial Hospital. Although it cannot be verified in the record, apparently no other defendant was served.

appendectomy scar "would not have provided enough exposure to permit the surgical removal of his right kidney in 1978." In other words, according to this expert, "it would have been medically impossible" for his right kidney to have been removed during that surgery without plaintiff bleeding to death. Thus, this expert also opined that plaintiff was simply born without a right kidney.

Plaintiff failed to submit any competent medical evidence to rebut these opinions. Rather, he simply speculated that his kidney was "harvested" during the appendectomy and that this "theft" was then concealed from him and his family by the entire operating room staff, including his surgeon, the nurses and the hospital itself. Plaintiff's reliance on certain statements in unsworn medical reports—i.e., that one physician "would strongly suspect" a prior right nephrectomy and another physician's supposition that such procedure "may have been performed at the time of [the] previous appendectomy"—does not constitute proof in admissible form (*see e.g. Chase v Cayuga Med. Ctr. at Ithaca*, 2 AD3d 990, 990-991 [2003]; *Doyle v Health Care Plan*, 245 AD2d 1018 [1997]; *Romatowski v Hitzig*, 227 AD2d 870, 871 [1996], *lv dismissed and denied* 89 NY2d 915 [1996]; *Fridovich v David*, 208 AD2d 1004, 1005 [1994], *lv dismissed* 86 NY2d 759 [1995]). In addition, plaintiff's argument, that the phrase "strongly suspect" in the unsworn report is not only synonymous with, but in fact exceeds, the reasonable degree of medical certainty standard, is patently without merit.

Spain, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs. [*See* 6 Misc 3d 1029(A), 2004 NY Slip Op 51839(U) (2004).]