STILBELL REALTY CORP., Appellant, v. LILLIAN V. CULLEN et al., Defendants, and ELIZABETH VANO et al., Respondents.— In an action pursuant to article 15 of the Real Property Actions and Proceedings Law to determine an adverse claim to real property, plaintiff appeals from a judgment of the Supreme Court, Queens County, entered July 31, 1973, which dismissed the complaint after a nonjury trial. Judgment reversed, on the law, with costs, and judgment granted in favor of plaintiff declaring (1) that it holds an absolute and unencumbered title in fee to the property described in the complaint and (2) that defendants and all other persons claiming through or under them are barred from any and all claims to any estate or interest in the property. The findings of fact which might be inconsistent with the views herein set forth are not affirmed. Otherwise, the findings of fact are affirmed.

Plaintiff owns a substantial part of the dead-end portion of a private right of way purportedly created by a deed made April 30, 1948 whereby one Catherine Howard conveyed to Viola H. Bellmar a three-parcel tract of land subject to a described right of way or driveway "intended for the use and benefit of any and all present or future owners or occupants of any of the property which will be abutting the said driveway for the ingress or egress by foot or vehicles." The driveway as described lay wholly within the tract and terminated at its southern boundary in a cul-de-sac about 33 feet wide. At the time of the conveyance the grantor owned all of the driveway and all of the property abutting it, except for the land (formerly of Amato and now owned by plaintiff) immediately south of the 33-foot-wide terminus of the driveway. Although the grantor attempted to create an easement of right of way over the driveway, she defeated her purpose by retaining no part of the tract to be benefited by the right of way and by conveying the entire tract in fee simple to her grantee, including not only the driveway as described but also all (for the purposes of this appeal) the property abutting it. The effect of the deed was to unite in one person (Bellmar) the ownership of both the dominant and servient estates. When this happens any easement, except a way of necessity, is extinguished upon the theory of merger (see *Fritz* v. *Tompkins,* 18 Misc. 514, 516, affd. 168 N. Y. 524). Once extinguished, an easement is gone forever and cannot be revived (*Crain* v. *Fox,* 16 Barb. 184, 187). It may however be created *de novo.* The only claim adverse to plaintiff's is made by defendant Vano, who does not claim a way of necessity, since her property fronts on a public street. By deed executed June 19, 1948 the above-mentioned grantee, Viola H. Bellmar, conveyed the property now owned by defendant Vano to Alfred Siciliano, with whom defendant Vano's chain of title commences. Bellmar could have created *de novo* an easement of right of way over the driveway in favor of the property conveyed by her 1948 deed to Siciliano, but this she failed to do. Subsequent mesne conveyances (executed March 5, 8 and 17, all in 1971) brought title to defendant Vano and attempted to convey the property (1) with the benefits of the right of way described in Howard's 1948 deed to Bellmar and (2) subject to the burdens of the right of way. These attempts were ineffectual, since an easement can be created only by one who has title to or an estate in the servient tenement, here the driveway (25 Am. Jur. 2d, Easements & Licenses, § 15; cf. *Hathaway* v. *Payne,* 34 N. Y. 92, 114–115). So far as the record discloses, these mesne grantors did not own the servient estate and their attempts to create an easement failed. We, therefore, hold that as a matter of law the 1948 deed from Howard to Bellmar extinguished any possible easement of right of way over the driveway described therein and no such easement was effectively created *de novo* by any deed in defendant Vano's chain of title. Plaintiff is, therefore, entitled to the relief it seeks. Gulotta, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.