■ KENNETH F. REISS et al., Appellants, v ROGER MAYNARD et al., Respondents. (Appeal No. 1.)—Judgment unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: On a prior appeal, we held that plaintiffs' proof at trial established the necessary elements of a prescriptive easement over defendants' land, and we enjoined defendants from interfering with plaintiffs' use of the easement over a right-of-way known as the Linwood Drive Extension *(Reiss v Maynard,* 148 AD2d 996). Thereafter, the parties disagreed over the specific content of several decretal paragraphs of the judgment which was filed by plaintiffs, and Supreme Court, after hearing argument, directed that an amended and supplemental judgment be entered. Pursuant to the decretal paragraphs of the amended judgment, entered July 2, 1990, plaintiffs have a prescriptive easement over the roadway known as the Linwood Drive Extension, the clerk is to record the judgment in the county land records, and plaintiffs are to recover $4,242.86 in costs. The amended judgment permanently enjoins defendants "from preventing, stopping, harassing, or hindering plaintiffs" from using the roadway; directs defendants immediately to remove any and all obstacles and/or obstructions upon the roadway "except that Defendants * * * may maintain in good repair an unlocked gate at the point where one presently exists" on the roadway; recites that "said easement and right of way is determined to be twelve feet (12') in width, six feet (6') of which will extend on either side of the centerline of the right of way * * * as shown on Exhibit 3 in evidence in the trial of the above entitled action"; and, finally, specifies that plaintiffs' rights "in and to the determined easement * * * are a personal, non-assignable and non-inheritable easement in gross".

On appeal, plaintiffs contend that the easement acquired by prescription is an easement appurtenant and not an easement in gross. We agree. Contrary to the conclusion reached by the trial court, we did not hold on the prior appeal that plaintiffs had established an easement in gross.

An easement appurtenant is created for the benefit of its owner's use and possession of his real property (2 Warren's Weed, New York Real Property, Easements, § 8.01). Such an easement requires a dominant estate and a servient estate *(Antonopulos v Postal Tel. Cable Co.,* 261 App Div 564, 568, *affd* 287 NY 712); it attaches to, and passes with, the dominant estate (49 NY Jur 2d, Easements, § 8, at 93). There is no

requirement that the dominant and servient estates be contiguous *(Cady v Springfield Water Works Co.,* 134 NY 118; 49 NY Jur 2d, Easements, § 9, at 95; 2 Warren's Weed, New York Real Property, Easements, § 8.03, at 51). Clearly, the easement acquired by plaintiffs is one created for the benefit of the use and possession of their real property; it is, therefore, appurtenant, and the judgment must be modified by striking the decretal paragraph granting to plaintiffs "a personal, non-assignable and non-inheritable easement in gross".

Plaintiffs also argue that Supreme Court improperly set the width of the easement at 12 feet. It is settled that "[a]n easement derives from use, and its owner gains merely 'a limited use or enjoyment of the servient land.' (3 Powell, *op. cit.,* § 405, pp. 386-387; see, also, 5 Restatement, Property, § 457, comment *a;* 1 Thompson on Real Property [Perm. ed., 1939], § 315.)" *(Di Leo v Pecksto Holding Corp.,* 304 NY 505, 511.) In the case of a prescriptive easement, "the right acquired is measured by the extent of the use" *(American Bank Note Co. v New York El. R. R. Co.,* 129 NY 252, 266). Thus, plaintiffs acquired an easement only equal in width to that portion of the land actually used during the prescriptive period. Here, although a survey map showing a 50-foot-wide "right-of-way" was admitted on stipulation, no evidence was offered concerning the width of the parcel actually used. The issue, therefore, cannot be resolved on this record. Accordingly, the case is remitted to Supreme Court for further proceedings to determine the width of plaintiffs' easement.

We have reviewed the other issues raised by plaintiffs and find them to be without merit. (Appeal from Judgment of Supreme Court, Cattaraugus County, Horey, J.—Prescriptive Easement.) Present—Dillon, P. J., Callahan, Balio, Lawton and Davis, JJ.