■ PERRY-GETHING FOUNDATION, Appellant, v BYRON STINSON et al., Respondents. [631 NYS2d 170] —In an action, inter alia, to enjoin violations of restrictive covenants and zoning ordinances, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated November 25, 1992, as, upon denying the plaintiff's motion for summary judgment and partially granting the separate cross motions of the defendants Byron and Siew-Thye Stinson and Leonard and Toni Stadd for summary judgment dismissing the complaint insofar as asserted against them, found that the restrictive covenants had been extinguished by merger, the plaintiff's right of way was limited to its own land, and that the plaintiff had failed to exhaust its administrative remedies.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

This matter involves, inter alia, subdivision of the estate of Richard Upjohn in Putnam County. The subdivision map, which involved four lots, was filed in the Office of the Clerk of Putnam County on October 21, 1913. Also in 1913, the Upjohn Estate conveyed one of the four lots to John B. Richardson. The resultant deed contained a restrictive covenant in which the Upjohn Estate, inter alia, prohibited Richardson, his heirs and assigns from subdividing his lot, Lot No. 4, without obtaining the consent of the owners of the other three lots.

In 1914, Richardson transferred Lot No. 4 to Andros Realty Company, a corporation formed by and held exclusively by William, Julian, and Hamilton Benjamin. This deed specifi-

cally recited the aforementioned restrictive covenant. In 1922, the Upjohns conveyed Lots No. 1, 2, and 3 to Julian Benjamin. The deed was subject to the same reservations contained in the 1913 deed to John Richardson. In 1928, Andros Realty Company conveyed Lot No. 4, including the right of way, to William M. Benjamin. This deed, too, was subject to the reservations contained in the 1913 deed.

In 1954, Julian Benjamin conveyed Lots No. 1, 2, and 3 to Margaret A. Gething. After a series of further conveyances, Lots No. 1, 2, and 3 were conveyed to the plaintiff Perry-Gething Foundation. Lot No. 4 was conveyed to the defendants Leonard and Toni Stadd. In 1980, the Stadds conveyed a small portion of Lot No. 4, upon which was situated a historic windmill, to John and Eliza Nichols. The Nichols in 1983 conveyed the aforementioned portion of Lot No. 4 to the defendants Byron and Siew-Thye Stinson. In 1984, the Stinsons obtained a building permit and renovated the windmill to serve as their residence.

The plaintiff commenced this action, *inter alia,* for a declaration that the Stadd's 1980 "subdivision" of Lot No. 4 violated the restrictive covenant prohibiting lot subdivision without the approval of the owners of the other three lots. On appeal, the plaintiff, among other things, contests the trial court's determination that insofar as the Benjamin family, either individually, or through their corporation Andros Realty Co., owned all of the parcels as of 1922, the restrictive covenant at issue herein was extinguished by the doctrine of merger. While we agree with the plaintiff that no merger occurred, we affirm the result reached by the Supreme Court, albeit on the different ground that the plaintiff's action was barred by laches.

"It is fundamental that where the title in fee to both the dominant and servient tenements becomes vested in one person, an easement [or restrictive covenant] is extinguished [by merger]" *(Castle Assocs. v Schwartz,* 63 AD2d 481, 486; *see also, Riccio v De Marco,* 188 AD2d 847). In such a circumstance, the easement or covenant terminates because the party in whom the interests coincide may freely utilize the servient tenement as its owner. Therefore, the easement or restriction no longer serves any function *(see, Stilbell Realty Corp. v Cullen,* 43 AD2d 966, 967; *see also,* Bruce and Ely, The Law of Easements and Licenses in Land, Termination of Easements, 9.09 [1], at 9-54 [1988]).

Here, the doctrine of merger is inapplicable. While Lot No. 4 of the tract was transferred to Andros Realty Company, a corporation owned by William, Julian, and Hamilton Benjamin

in 1914, Lots No. 1, 2, and 3 were transferred to Julian A. Benjamin, *in fee* in 1922. Thus, the easement would not have been extinguished because the dominant and servient tenements never came into ownership of the same person. An easement is " 'not extinguished under the doctrine of merger by the acquisition by the owner of the dominant or servient estate of title to only a fractional part of the other estate' " *(Koshian v Kirchner,* 139 AD2d 942, 943). It is axiomatic that a corporation is a legal entity separate and distinct from its shareholders *(Matter of Total Care Health Indus. v Department of Social Servs.,* 144 AD2d 678). Since Julian Benjamin only "owned" Lot No. 4 as a shareholder of the Andros Realty Company, there was no unity of title which would allow extinguishment of the restrictive covenant.

However, the record indicates that the plaintiff sought to enforce the restrictive covenant after the Stinsons had completed the bulk of the construction and incurred a great deal of expense. In view of the plaintiff's failure to timely safeguard its interests, despite the obvious presence of on-going construction on the Stinsons' property, the plaintiff's relief is barred by the equitable doctrine of laches and the order must be affirmed *(see, Matter of Caprari v Town of Colesville,* 199 AD2d 705; *487 Elwood v Hassett,* 83 AD2d 409; *Reizel, Inc. v Exxon Corp.,* 42 AD2d 500; *University Gardens Prop. Owners Assn. v Schultz,* 272 App Div 949).

We have examined the plaintiff's remaining contentions and find them to be without merit. Pizzuto, J. P., Joy, Friedmann and Goldstein, JJ., concur.