■ BREAKERS MOTEL, INC., et al., Respondents, et al., Plaintiffs, v SUNBEACH MONTAUK TWO, INC., et al., Appellants. [638 NYS2d 135] —In an action pursuant to RPAPL article 15, the defendants appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Underwood, J.), dated February 18, 1994, which, *inter alia,* granted the motion of the plaintiffs Louise H. Nielsen, Atlantic Bluffs Club, Ltd., George Potts, and Margaret G. Potts and the cross motion of the plaintiff Breakers Motel, Inc., for summary judgment on the issue of whether the plaintiffs are entitled to an easement over the defendants' property, and denied the defendants' motion for summary judgment against the plaintiff Breakers Motel, Inc., and their cross motion for summary judgment against the remaining plaintiffs dismissing the complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof which found that the plaintiff William J. Bruder is entitled to an easement over the defendants' property and the complaint insofar as it seeks relief on

behalf of William J. Bruder is dismissed; as so modified, the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

Restrictive covenants are commonly categorized as negative easements. "They restrain servient landowners from making otherwise lawful uses of their property" *(Witter v Taggart,* 78 NY2d 234, 237; *see also, Huggins v Castle Estates,* 36 NY2d 427).* In determining the ultimate effect of an easement or restriction on the land of the servient land owner, the general rule is that " '[i]n the absence of actual notice before or at the time of * * * purchase or of other exceptional circumstances, an owner of land is only bound by restrictions if they appear in some deed of record in the conveyance to [that owner] or [that owner's] direct predecessors in title' " *(Witter v Taggart,* 78 NY2d 234, 238, *supra,* quoting *Buffalo Academy of Sacred Heart v Boehm Bros.,* 267 NY 242, 250; *see also, Puchalski v Wedemeyer,* 185 AD2d 563). The law, however, has long favored free and unencumbered use of real property, and covenants restricting use are strictly construed against those seeking to enforce them *(see, Witter v Taggart, supra,* at 238; *see also, Buffalo Academy of Sacred Heart v Boehm Bros., supra).* Courts will enforce restraints only where their existence has been established with clear and convincing proof by the dominant landowner *(see, Witter v Taggart, supra).*

It is undisputed that the defendants own the servient estate and the plaintiffs own dominant estates. A review of the defendants' chain of title establishes that there is a restrictive covenant burdening their land and benefitting the plaintiffs' land. The defendants are bound by these restrictions because, although they do not appear in the defendants' deed, they appear in the deed of a direct predecessor in title, thereby giving the defendants constructive notice. It is well settled that a person who purchases the servient estate with actual or constructive notice of the easement is estopped from denying the existence of the easement *(see, Bridger v Pierson,* 45 NY 601, 604-605; *see also, Zunno v Kiernan,* 170 AD2d 795, 796).

With respect to the plaintiff William J. Bruder, however, he is no longer an interested party in this litigation since he sold his parcel of land subsequent to commencing the action against the defendants, he did not join in the plaintiffs' motions for summary judgment, and the current owner of the parcel is unknown and is not a party to this action. Accordingly, that part of the order and judgment which granted the plaintiff William J. Bruder summary judgment against the defendants is reversed and the complaint insofar as it seeks relief on his behalf

is dismissed. Thompson, J. P., Friedmann, Krausman and Florio, JJ., concur.