■ G. RANDALL WILL et al., Appellants, v PETER R. GATES et al., Respondents. [640 NYS2d 778] —In an action, *inter alia,* for a judgment declaring the rights of the parties with respect to the use of a right-of-way, the plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Putnam County (Hickman, J.), entered November 5, 1993, as denied their motion for summary judgment, declared the right-of-way and the plaintiffs' use of the right-of-way terminated, granted the defendants' cross motion for summary judgment dismissing the complaint, and awarded the defendants attorneys' fees.

Ordered that the order and judgment is modified, as a matter of discretion, by deleting the provision thereof awarding attorneys' fees to the defendants; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the defendants.

"It is fundamental that where the title in fee to both the dominant and servient tenements become vested in one person, an easement is extinguished [by merger]" (*Castle Assocs. v Schwartz,* 63 AD2d 481, 486; *see also, Riccio v De Marco,* 188 AD2d 847). In such a circumstance, the easement or covenant terminates because the party in whom the interests coincide may freely utilize the servient tenement as its owner. Therefore, the easement or restriction no longer serves any function (*see, Stilbell Realty Corp. v Cullen,* 43 AD2d 966, 967).

Here, since the defendants own both the servient and dominant estates, the right-of-way was extinguished by merger. Therefore, the defendants' cross motion for summary judgment dismissing the complaint was properly granted (*see, Zuckerman v City of New York,* 49 NY2d 557). In any event, upon a review of the record, we find that the plaintiffs never had an easement over the right-of-way at issue.

The Supreme Court improvidently exercised its discretion in awarding attorneys' fees to the defendants (*see,* 22 NYCRR 130-1.1). Copertino, J. P., Pizzuto, Friedmann and McGinity, JJ., concur.