## SECOND DEPARTMENT, MAY, 1997

### (May 5, 1997)

■ JOSEPH A. ALFASSA et al., Appellants, v ISRAEL HERSKOWITZ et al., Respondents. [657 NYS2d 1003] —In an action, *inter alia*, to determine the plaintiffs' rights to certain easements, the plaintiffs appeal from a judgment of the Supreme Court, Rockland County (Rudolph, J.), dated June 14, 1996, which, upon an order of the same court, dated April 8, 1996, *inter alia*, granting the defendants' cross motions for summary judgment, dismissed the complaint. The plaintiffs' notice of appeal from the order dated April 8, 1996, is deemed a premature notice of appeal from the judgment (*see*, CPLR 5520 [c]).

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court properly granted the defendants' cross motions for summary judgment dismissing the complaint (*see, Zuckerman v City of New York,* 49 NY2d 557). "It is fundamental that where the title in fee to both the dominant and servient tenements become vested in one person, an easement is extinguished [by merger]" (*Castle Assocs. v Schwartz,* 63 AD2d 481; *see also, Will v Gates,* 226 AD2d 366, *lv granted* 88 NY2d 816; *Seebaugh v Borruso,* 220 AD2d 573; *Perry-Gething Found. v Stinson,* 218 AD2d 791; *Riccio v De Marco,* 188 AD2d 847). In such a circumstance, the easement terminates because the party in whom the interests coincide may freely utilize the servient tenement as its owner. Therefore, the easement or restriction no longer serves any function (*Stilbell Realty Corp. v Cullen,* 43 AD2d 966, 967). Here, when Yale Rapkin, the plaintiffs' predecessor-in-interest, acquired ownership of both the dominant and servient tenements, the easements were extinguished by merger. Moreover, the easements were not renewed in any subsequent conveyances.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Santucci, J. P., Joy, McGinity and Luciano, JJ., concur.