■ JANE CORRARINO et al., Appellants, v JOSEPH P. BYRNES et al., Respondents. [841 NYS2d 122]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that a portion of the defendants' property is subject to an easement of access in favor of the plaintiffs for ingress and egress over a certain dirt path, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated May 23, 2006, which denied their motion for summary judgment on the first cause of action for a declaration that they have an easement of access over the subject dirt path on the defendants' property and on the second cause of action to direct the defendants to remove any and all obstructions blocking the right of way, and to permanently enjoin the defendants from obstructing the right of way.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiffs' mo-

tion which were for summary judgment in favor of the plaintiffs Jane Corrarino and Michael Schaefer on the first cause of action for a declaration that they have an easement appurtenant of access over the subject dirt path on the defendants' property and for summary judgment in favor of the plaintiffs Jane Corrarino and Michael Schaefer on the second cause of action to direct the defendants to remove any and all obstructions blocking the right of way of the plaintiffs Jane Corrarino and Michael Schaefer and for an injunction, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for severance of the first and second causes of action insofar as asserted by the plaintiffs Jane Corrarino and Michael Schaefer and entry of an appropriate interlocutory judgment in accordance with CPLR 5012 declaring that the plaintiffs Jane Corrarino and Michael Schaefer have an easement appurtenant of access over the subject dirt path on the defendants' property, directing the defendants to remove any and all obstructions blocking the right of way of the plaintiffs Jane Corrarino and Michael Schaefer, and permanently enjoining the defendants from blocking the right of way of the plaintiffs Jane Corrarino and Michael Schaefer.

This appeal arises out of a dispute over the existence and extent of an easement providing access to a beach at Port Jefferson Harbor on the north edge of a subdivision called "Pond View Estates." The owners of the property abutting the harbor, siblings Joseph Ceparano and Mary Sabatelli, divided the property into two parcels and granted each other reciprocal easements in a dirt path between their parcels, which provided access to the beach. Ceparano subsequently subdivided his property into seven lots called Pond View Estates.

When Ceparano's executor conveyed the subdivided lots, the deeds for lot 1, owned by the plaintiffs John Lee and Hai-Dee Lee, and lot 7, owned by the plaintiffs Richard Clark and Maria Tonnesen, included language creating an easement in a right of way across a portion of lot 5, later purchased by the defendants, Joseph P. Byrnes and Christine Byrnes (hereinafter the defendants). The deed for lot 6, owned by the plaintiffs Jane Corrarino and Michael Schaefer, did not describe the right of way, but conveyed the easement rights possessed by Ceparano at the time of his death and referred to the filed subdivision map. The deed for lot 2, owned by the plaintiffs Tzi-Shan Chou and Mei Han Chou, did not contain any specific language about an easement, but referred to the subdivision map.

Lot 5 was purchased by the defendants in 1999. In 1992 a declaration of covenants and restrictions (hereinafter the declaration) filed in Suffolk County restricted the creation of any further easements in the subdivision except for easements of ingress and egress over lot 5 and lot 6.

The defendants claim they did not have notice of the extent of the easement. In 2002 the defendants erected a fence that prevented the plaintiffs, the owners of lots 1, 2, 6, and 7, from crossing their lot. The plaintiffs commenced this action and eventually moved for summary judgment on the first and second causes of action. The Supreme Court denied the motion. The plaintiffs appeal.

The plaintiffs made out a prima facie case establishing that the owners of lot 6, Corrarino and Schaefer, are entitled to a judgment declaring their rights to an easement appurtenant of access over the subject dirt path. While lot 6 abuts a portion of the dirt path, Corrarino and Schaefer must traverse a portion of the path abutting lot 5, the defendants' lot, to access the beach. An easement appurtenant occurs when the easement is (1) conveyed in writing, (2) subscribed by the creator, and (3) burdens the servient estate for the benefit of the dominant estate (*see Bogart v Roven*, 8 AD3d 600, 601 [2004]). The easement passes to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed (*see Strnad v Brudnicki*, 200 AD2d 735, 736 [1994]). Once created, the easement runs with the land and can only be extinguished by abandonment, conveyance, condemnation, or adverse possession (*id.*; *see Webster v Ragona*, 7 AD3d 850, 854 [2004]). The easement is not extinguished by subdivision for any portion of the land to which it applies so long as no additional burden is imposed upon the servient estate by such use, even if the resulting dominant and servient estates are not contiguous (*see Higgins v Douglas*, 304 AD2d 1051, 1053 [2003]; *Green v Mann*, 237 AD2d 566, 567 [1997]).

Schaefer and Corrarino have an easement appurtenant of access in the subject dirt path because the defendants had notice of the easement at the time they took title (*see Webster v Ragona, supra* at 854). Owners of a servient estate are bound by constructive or inquiry notice of easements which appear in deeds or other instruments of conveyance in their property's direct chain of title (*see Witter v Taggart*, 78 NY2d 234, 239 [1991]; *Farrell v Sitaras*, 22 AD3d 518, 519-520 [2005]). The recording of a deed creating a right of way over a grantor's remaining adjacent land constitutes constructive notice to a purchaser who later takes title to the servient parcel from the

same grantor (*see Long Bldg., Inc. v Brookmill Corp.*, 276 App Div 1087 [1950]). Here, the original deed provided the defendants with constructive notice because it created a right of way in a dirt path that extended across what would eventually become lots 5 and 6. Thus, the plaintiffs established that the defendants had constructive notice that the dirt path burdened their land for the benefit of lot 6 (*see Miles v De Sapio*, 96 AD2d 970, 971 [1983]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, Corrarino and Schaefer, the owners of lot 6, are entitled to summary judgment declaring that they have an easement appurtenant of access over the subject dirt path, directing the defendants to remove any and all obstructions blocking their right of way, and permanently enjoining the defendants from blocking their right of way.

The plaintiff owners of lots 1, 2, and 7 failed to establish their prima facie entitlement to a judgment declaring their rights to the claimed easement appurtenant. An easement is not extinguished by subdivision, even if the resulting dominant and servient estates are not contiguous (*see Higgins v Douglas, supra* at 1053; *Green v Mann, supra* at 567). However, an easement is only applicable to noncontiguous portions of the dominant estate if those noncontiguous portions can gain access to the easement by some right of way (*see Higgins v Douglas, supra* at 1053; *see also Nassau Point Prop. Owners Assn., Inc. v Tirado*, 29 AD3d 754, 757 [2006]). Here, lots 1, 2, and 7 do not abut the dirt path. Therefore, the plaintiff owners must be able to claim easement rights over a portion of lot 5, "the connecting path," to reach the dirt path. The deeds conveying lots 1, 2, and 7 were not recorded against the defendants' lot and, thus, did not provide the defendants with notice of the easements (*see Witter v Taggart, supra* at 239). These plaintiffs failed to establish, as a matter of law, that their use of the subject dirt path put the defendants on inquiry notice of their easement rights (*id*. at 241). Furthermore, they failed to demonstrate that the defendants had constructive or inquiry notice of an easement providing a right of way in the connecting path. Accordingly, the Supreme Court properly denied those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action insofar as asserted by the owners of lots 1, 2, and 7 (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

We agree with the defendants that the declaration cannot form the basis for an express easement by restrictive covenant. Since the declaration merely restricted the ability to create future easements, the plaintiffs cannot claim that this docu-

ment created any rights (*see Witter v Taggart, supra* at 237-238; *Breakers Motel v Sunbeach Montauk Two,* 224 AD2d 473, 474 [1996]).

The plaintiff owners of lots 1, 2, and 7 also failed to demonstrate their prima facie entitlement to a judgment declaring rights in an implied easement. An easement may not be implied where an express grant reflects the intentions of the parties (*see Oliphant v McCarthy,* 208 AD2d 1079, 1080 [1994]). Here, the owners of lots 1 and 7 rely on express language in their deeds to establish their easement rights in both the dirt path and the connecting path. As for the owners of lot 2, they failed to demonstrate as a matter of law that the defendants had notice of any implied easement (*see Tufts v Byrne,* 278 App Div 783, 784 [1951]).

The plaintiffs' remaining contentions are without merit. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.