SEVEN SPRINGS, LLC, Appellant, v NATURE CONSERVANCY et al., Respondents, et al., Defendant. [855 NYS2d 547]—

In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, the plaintiff appeals from an order of the Supreme Court, Westchester County (LaCava, J.), entered November 3, 2006, which granted the motion of the defendants Nature Conservancy and Town of North Castle and the separate motions of the defendants Robert Burke, Teri Burke, Noel B. Donohoe, and Joann Donohoe to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motions to dismiss the complaint insofar as asserted against the respondents are denied.

The plaintiff and the Nature Conservancy (hereinafter the Conservancy) own abutting parcels of land that, prior to 1973, were both owned by the Eugene and Agnes E. Meyer Foundation (hereinafter the Foundation). The large parcel owned by the Foundation included the land lying under and on either side

of Oregon Road. Oregon Road apparently became a town highway at some point in time by virtue of its having been used by the public as a highway for a period of 10 years (*see* Highway Law § 189).

In January 1973 the Foundation conveyed the parcel now owned by the plaintiff, a portion of land lying east and north of Oregon Road, to Yale University. This parcel was subsequently conveyed to the plaintiff in 1995. In May 1973 the Foundation conveyed another portion of its land to the Conservancy. Part of the Conservancy's parcel lies on the west side of Oregon Road directly across that road from the plaintiff's parcel, and part of the Conservancy's parcel lies under and around Oregon Road south of the plaintiff's parcel.

In 1990 the Town Board of the Town of North Castle caused a "Certificate of Discontinuance" to be filed in the town clerk's office purporting to "close" a portion of Oregon Road as it was no longer used for public travel.

The plaintiff commenced this action in 2006, seeking, inter alia, a determination that it has an easement over the portion of Oregon Road referred to in the "Certificate of Discontinuance" and owned in fee by the Conservancy so that it can access a portion of Oregon Road south of the Conservancy parcel that was not closed to the public.

The respondents moved to dismiss the complaint insofar as asserted against them on the grounds, inter alia, that the plaintiff had no implied private easement over the relevant portion of Oregon Road, that any easement was extinguished when the relevant portion of Oregon Road ceased to be a town highway pursuant to Highway Law § 205 (1), and that the plaintiff was precluded from challenging Oregon Road's status as an abandoned public highway by the one-year statute of limitations period of Highway Law § 205 (2).

Contrary to the respondents' contention, the plaintiff sufficiently stated a cause of action based upon an implied private easement arising in January 1973 when the Foundation conveyed to the plaintiff's predecessor in interest a parcel of land bounded by a road owned by the Foundation and used at the time as a public highway (*see Holloway v Southmayd*, 139 NY 390, 401-407 [1893]; *see also Glennon v Mayo*, 221 AD2d 504, 505 [1995]). The abandonment of a public highway pursuant to Highway Law § 205 does not serve to extinguish private easements, as Highway Law § 205 does not provide for compensation to the owners of any private easements that would be extinguished (*see Holloway v Southmayd*, 139 NY at 410; *cf. Barber v Woolf*, 216 NY 7, 14-15 [1915]; *Municipal Hous. Auth. for City of Yonkers v Harlan*, 24 AD2d 633, 634 [1965]).

While the respondents submitted evidence that any implied private easement was voluntarily abandoned by the plaintiff or its predecessor (*see Consolidated Rail Corp. v MASP Equip. Corp.*, 67 NY2d 35, 39-40 [1986]), the respondents failed to conclusively establish this defense as a matter of law for the purposes of a motion to dismiss (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). Similarly, the respondents failed to conclusively establish that they interfered with the plaintiff's use and enjoyment of the easement for the requisite period of time for the easement to be extinguished by adverse possession (*see Spiegel v Ferraro*, 73 NY2d 622, 625-626 [1989]; *McGinley v Postel*, 37 AD3d 783, 784 [2007]).

The respondents' remaining contentions are without merit. Spolzino, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.