■ SEVEN SPRINGS, LLC, Respondent, v NATURE CONSERVANCY, Appellant, et al, Defendants. [943 NYS2d 569]—

In an action pursuant to RPAPL article 15 to compel the determination of a claim to real property, the defendant Nature Conservancy appeals, as limited by its brief, (1) from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated May 27, 2011, as granted those branches of the plaintiff's motion which were for summary judgment declaring that (a) the plaintiff has an express easement appurtenant by grant over certain land owned by the defendant Nature Conservancy, entitling the plaintiff to a right of way over the portion of Oregon Road starting at the southwest corner of the plaintiff's parcel and continuing south to the point where Oregon Road becomes a paved public road, (b) the express easement appurtenant entitles the plaintiff to widen Oregon Road to a width of no less than 50 feet for the passage of pedestrian and vehicular traffic, (c) the plaintiff is entitled to a permanent injunction enjoining the defendants from interfering with and obstructing the plaintiff's right, and (d) the plaintiff is authorized to remove the gate and any other impediment existing in the vicinity of "Pole 40" on Oregon Road, and (2) from so much of a judgment of the same court entered July 22, 2011, as, upon the order,

declared that (a) the plaintiff has an express easement appurtenant by grant over certain land owned by the defendant Nature Conservancy, entitling the plaintiff to a right of way over the portion of Oregon Road starting at the southwest corner of the plaintiff's parcel and continuing south to the point where Oregon Road becomes a paved public road, (b) the express easement entitles the plaintiff to widen Oregon Road to a width of no less than 50 feet for the passage of pedestrian and vehicular traffic, (c) the defendants are permanently enjoined from interfering with and obstructing the plaintiff's right of way and the plaintiff's right of access to its property, including the maintenance of any obstruction, barrier or gate across Oregon Road that obstructs or blocks the use by the plaintiff, its invitees and utility and other vehicles from their lawful rights to pass over the land to have ingress and egress over Oregon Road to the plaintiff's parcel, and (d) the plaintiff is authorized to remove the gate and any other impediment that exists in the vicinity of "Pole 40" on Oregon Road.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment declaring that (a) the plaintiff has an express easement appurtenant by grant over certain land owned by the defendant Nature Conservancy, entitling the plaintiff to a right of way over the portion of Oregon Road starting at the southwest corner of the plaintiff's parcel and continuing south to the point where Oregon Road becomes a paved public road, (b) the express easement appurtenant entitles the plaintiff to widen Oregon Road to a width of no less than 50 feet for the passage of pedestrian and vehicular traffic, (c) the plaintiff is entitled to a permanent injunction enjoining the defendants from interfering with and obstructing the plaintiff's right, and (d) it is authorized to remove the gate and any other impediment existing in the vicinity of "Pole 40" on Oregon Road are denied, the order dated May 27, 2011, is modified accordingly, upon searching the record, the defendant Nature Conservancy is awarded summary judgment declaring that (a) the plaintiff does not have an express easement appurtenant by grant over certain land owned by the defendant Nature Conservancy, entitling it to a right of way over the portion of Oregon Road starting at the southwest corner of the plaintiff's parcel and continuing south to the point where Oregon Road becomes a paved public road, (b) the plaintiff is not entitled to widen Oregon Road pursuant to an express easement appurtenant, (c)

the plaintiff is not entitled to the permanent injunction it requested, and (d) the plaintiff is not authorized to remove the gate or any other impediment existing in the vicinity of "Pole 40" on Oregon Road pursuant to an express easement appurtenant, and it is so declared; and it is further,

Ordered that one bill of costs is awarded to the defendant Nature Conservancy.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the intermediate order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

The plaintiff, Seven Springs, LLC, and the defendant Nature Conservancy (hereinafter the Conservancy) own abutting parcels of land in Westchester County. Prior to 1973, both parcels were owned by a single entity, the Eugene and Agnes E. Meyer Foundation (hereinafter the Foundation). By deed dated January 19, 1973, the Foundation transferred the parcel now owned by the plaintiff (hereinafter the Seven Springs parcel) to Yale University, one of the plaintiff's predecessors in interest. Thereafter, by deed dated May 25, 1973, the Foundation transferred the abutting parcel to the Conservancy (hereinafter the Conservancy parcel). The Seven Springs parcel lies entirely to the east of a street known as Oregon Road. Part of the Conservancy parcel lies to the west of Oregon Road, directly across the street from the Seven Springs parcel, and the other part of the Conservancy parcel lies under and around Oregon Road to the direct south and southwest of the Seven Springs parcel.

The deed conveying the Seven Springs parcel to Yale University included a provision transferring "all right, title and interest, if any, of [the grantor], in and to any streets and roads abutting the aforesaid premises to the center lines thereof; together with the appurtenances and all the estate and rights of [the grantor] in and to said premises." The remaining deeds in the plaintiff's chain of title to the Seven Springs parcel contained identical provisions. The deed conveying the Conservancy parcel to the Conservancy also contained a similar provision.

The plaintiff commenced this action seeking, inter alia, a determination that the Seven Springs parcel is benefitted by an easement appurtenant, entitling its owner to a right-of-way over the portion of Oregon Road which lies on the Conservancy parcel. After this Court held on a prior appeal that the plaintiff

sufficiently stated a cause of action based upon an implied private easement arising when the Foundation conveyed the Seven Springs parcel to Yale University at a time when Oregon Road was used as a public highway (*see Seven Springs, LLC v Nature Conservancy*, 48 AD3d 545 [2008]), the plaintiff amended its complaint and moved for summary judgment, inter alia, declaring that the Seven Springs parcel is benefitted by an express easement appurtenant on the basis that the deed transferring the Seven Springs parcel to Yale University contained an express easement by grant, which was transferred to it through the chain of title.

The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment declaring that the Seven Springs parcel is benefitted by an express easement appurtenant, entitling its owner to a right-of-way across a portion of the Conservancy parcel via Oregon Road, that the plaintiff is entitled to widen the easement on Oregon Road to a width of no less than 50 feet to allow for pedestrian and vehicular traffic, that the plaintiff is entitled to a permanent injunction enjoining the defendants from interfering with and obstructing its right, and that any obstructions impeding the plaintiff's access to the right-of-way on Oregon Road shall be removed. Thereafter, the Supreme Court entered a judgment making these declarations, and the Conservancy appeals. We reverse the judgment insofar as appealed from.

"[E]xpress easements are defined by the intent, or object, of the parties" (*Lewis v Young*, 92 NY2d 443, 449 [1998]). An express easement appurtenant by grant "occurs when the easement is (1) conveyed in writing, (2) subscribed by the creator, and (3) burdens the servient estate for the benefit of the dominant estate" (*Corrarino v Byrnes*, 43 AD3d 421, 423 [2007]; *see Bogart v Roven*, 8 AD3d 600, 601 [2004]). Such an easement will "pass[ ] to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed" (*Corrarino v Byrnes*, 43 AD3d at 423; *see Will v Gates*, 89 NY2d 778, 783 [1997]; *Strnad v Brudnicki*, 200 AD2dd 735, 736 [1994]). "Once created, the easement runs with the land and can only be extinguished by abandonment, conveyance, condemnation, or adverse possession" (*Corrarino v Byrnes*, 43 AD3d at 423; *see Spier v Horowitz*, 16 AD3d 400 [2005]).

Contrary to the determination of the Supreme Court, the provision in the deed conveying the Seven Springs parcel to Yale University along with "all right, title and interest, if any, of [the Foundation], in and to any streets and roads abutting the afore-

said premises to the center lines thereof," did not create an express easement appurtenant by grant entitling the owner of the Seven Springs parcel to a right-of-way over the portion of Oregon Road which lay to the south of the Seven Springs parcel, and which did not directly run alongside it (*see Taylor v Devendorf*, 140 AD2d 510 [1988]; *cf. Coleman v Village of Head of Harbor*, 163 AD2d 456 [1990]). Moreover, although the general appurtenance provision in the deed conveying the Seven Springs parcel from the Foundation to Yale University would have been sufficient to pass any existing easement benefitting the parcel to Yale University (*see generally Will v Gates*, 89 NY2d at 783; *Corrarino v Byrnes*, 43 AD3d at 423; *Strnad v Brudnicki*, 200 AD2d at 736), any easement which might have burdened the Conservancy parcel for the benefit of the Seven Springs parcel was extinguished by merger when the Foundation acquired title to both parcels (*see Will v Gates*, 89 NY2d at 784; *Alfassa v Herskowitz*, 239 AD2d 307, 308 [1997]; *Castle Assoc. v Schwartz*, 63 AD2d 481, 486 [1978]). Therefore, the Supreme Court erred in determining that the "abutting" and "appurtenances" provisions in the deed conveying the Seven Springs parcel to Yale University were sufficient to create an express easement appurtenant by grant burdening the Conservancy parcel for the benefit of the Seven Springs parcel.

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment declaring that it had an express easement appurtenant by grant, entitling the owner of the Seven Springs parcel to a right-of-way over the Conservancy parcel via Oregon Road. Since the plaintiff was not entitled to summary judgment on its cause of action declaring that it had an express easement, the Supreme Court should not have granted those branches of the plaintiff's motion which were for summary judgment declaring that the plaintiff could widen the easement to a width of no less than fifty feet for the passage of pedestrian and vehicular traffic, that the defendants were permanently enjoined from interfering with and obstructing the plaintiff's right-of-way, or that the plaintiff was authorized to remove the gate and any other impediment existing in the vicinity of "Pole 40" on Oregon Road. Further, as the deed conveying the Seven Springs parcel to Yale University was insufficient to create an express easement appurtenant by grant burdening the Conservancy parcel for the benefit of the Seven Springs parcel, and, upon our authority to search the record and award summary judgment to the nonmoving party with respect to an issue that was the subject of the motion before the Supreme Court (*see* CPLR 3212 [b]), we award summary judgment to the Conservancy declaring that (1)

the plaintiff does not have an express easement appurtenant by grant over certain land owned by the Conservancy, entitling it to a right of way over the portion of Oregon Road starting at the southwest corner of the plaintiff's parcel and continuing south to the point where Oregon Road becomes a paved public road, (2) the plaintiff is not entitled to widen Oregon Road pursuant to an express easement appurtenant, (3) the plaintiff is not entitled to the permanent injunction it requested, and (4) the plaintiff is not authorized to remove the gate or any other impediment existing in the vicinity of "Pole 40" on Oregon Road pursuant to an express easement appurtenant (see *Town of Pound Ridge v Golenbock*, 264 AD2d 773 [1999]).

Insofar as the Conservancy contends that the Supreme Court erred in granting the plaintiff's motion for summary judgment declaring that it had an express easement appurtenant by grant without considering its defenses that the plaintiff's predecessor in interest had abandoned the alleged easement, or that the action was time-barred, its contentions have been rendered academic in light of our determination. Angiolillo, J.P., Dickerson, Leventhal and Miller, JJ., concur.