■ Christine Reilly et al., Respondents, v Sylvia Achitoff, Appellant. [24 NYS3d 687]—

In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, and for injunctive relief, the defendant appeals, as limited by her notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), entered October 23, 2013, as denied those branches of her motion which were for summary judgment, in effect, declaring that the plaintiffs do not have easements over the eastern and western portions of her driveway and dismissing the third cause of action, and granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that the plaintiffs have an easement over the eastern portion of the defendant's driveway.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiffs have an easement over the eastern portion of the defendant's driveway.

The plaintiffs and the defendant are the owners of parcels of property known as 93 and 95 Landing Road in Miller Place, respectively, which were previously part of one large tract of land. A driveway located on the defendant's property, which forks east and west, allows access to both parcels of property. After the defendant allegedly began to interfere with the plaintiffs' use of the eastern portion of the driveway, the plaintiffs commenced this action pursuant to RPAPL article 15 for a judgment declaring that they have easements over the eastern and western forks of the driveway, and for injunctive relief. The first cause of action sought a judgment declaring that the plaintiffs have an easement over the eastern portion of the driveway, and the second cause of action sought the same relief with respect to the western portion of the driveway. The defendant moved, inter alia, for summary judgment, in ef-

fect, declaring that the plaintiffs do not have easements over the eastern and western portions of her driveway and dismissing the third cause of action, which sought injunctive relief. The plaintiffs cross-moved, among other things, for summary judgment declaring that they have easements over the eastern and western portions of the defendant's driveway, respectively, and enjoining the defendant from interfering with those easements. The Supreme Court, inter alia, denied the aforementioned branches of the defendant's motion, and granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that they have an easement over the eastern portion of the driveway. The court also severed the plaintiffs' second and third causes of action and the defendant's fourth counterclaim. The defendant appeals.

"An easement appurtenant is created for the benefit of its owner's use and possession of his real property" (*Reiss v Maynard*, 170 AD2d 992, 992 [1991]). "An easement appurtenant occurs when the easement (1) is conveyed in writing, (2) is subscribed by the creator, and (3) burdens the servient estate for the benefit of the dominant estate" (*Djoganopoulos v Polkes*, 95 AD3d 933, 935 [2012]; *see Seven Springs, LLC v Nature Conservancy*, 95 AD3d 867 [2012]). The easement will "pass[ ] to subsequent owners of the dominant estate through appurtenance clauses, even if it is not specifically mentioned in the deed" (*Corrarino v Byrnes*, 43 AD3d 421, 423 [2007]; *see Will v Gates*, 89 NY2d 778, 783 [1997]).

The plaintiffs, by submitting relevant deeds and surveys, established their prima facie entitlement to judgment as a matter of law declaring their rights to an easement appurtenant over the eastern portion of the defendant's driveway. In opposition to the plaintiffs' prima facie showing, the defendant failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that they have have an easement over the eastern portion of the defendant's driveway, and denied that branch of the defendant's motion which was for summary judgment, in effect, declaring that the plaintiffs do not have such an easement (*see Djoganopoulos v Polkes*, 95 AD3d at 935).

The Supreme Court properly denied that branch of the defendant's motion which was for summary judgment, in effect, declaring that the plaintiffs do not have an easement over the western portion of her driveway. The defendant's submissions underscored existing questions of fact as to whether the plaintiffs have an easement appurtenant over the western por-

tion of the defendant's driveway (*see Dutcher v Allen*, 93 AD3d 1101, 1103 [2012]; *Janoff v Disick*, 66 AD3d 963, 966 [2009]).

The defendant's remaining contentions are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiffs have an easement over the eastern portion of the defendant's driveway (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Balkin, J.P., Dickerson, Duffy and LaSalle, JJ., concur.