Reilly v Achitoff (2018 NY Slip Op 02818)





Reilly v Achitoff


2018 NY Slip Op 02818


Decided on April 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
HECTOR D. LASALLE, JJ.


2016-04783
 (Index No. 40612/08)

[*1]Christine Reilly, et al., respondents,
v
Sylvia Achitoff, appellant.


Eric D. Cherches, P.C., Port Jefferson, NY, for appellant.
Farrell Fritz, P.C., Uniondale, NY (James M. Wicks, Brian C. Doyle, and Joshua M. Herman of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, pursuant to RPAPL article 15 to determine claims to certain real property, and for injunctive relief, the defendant appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), entered March 3, 2016, as, upon remittitur from this Court by decision and order dated January 27, 2016 (see Reilly v Achitoff, 135 AD3d 926), for the entry of a judgment declaring that the plaintiffs have an easement over the eastern portion of the defendant's driveway, failed to declare a complete chain of title and a metes and bounds description of the easement.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In an order entered October 23, 2013, the Supreme Court, Suffolk County, denied those branches of the defendant's motion which were for summary judgment, in effect, declaring that the plaintiffs do not have easements over the eastern and western portions of the defendant's driveway and dismissing the third cause of action, and granted that branch of the plaintiffs' cross motion which was for summary judgment declaring that the plaintiffs have an easement over the eastern portion of the defendant's driveway. The court also severed the plaintiffs' second and third causes of action and the defendant's fourth counterclaim. On appeal to this Court, by decision and order dated January 27, 2016 (see Reilly v Achitoff, 135 AD3d 926), the Supreme Court's order was affirmed insofar as appealed from, and the matter was remitted to the Supreme Court "for the entry of a judgment declaring that the plaintiffs have an easement over the eastern portion of the defendant's driveway" (id. at 928). Thereafter, the plaintiffs submitted a proposed judgment to the Supreme Court, and the defendant submitted a counter-proposed judgment. On March 3, 2016, the court entered the plaintiff's proposed judgment. The defendant appeals from so much of the judgment as failed to declare a complete chain of title and a metes and bounds description of the easement.
" A trial court, upon remittitur, lacks the power to deviate from the mandate of the higher court'" (Berry v Williams, 106 AD3d 935, 937, quoting Matter of Trager v Kampe, 16 AD3d 426, 427; see Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d 799, 800; Wiener v [*2]Wiener, 10 AD3d 362, 36). Accordingly, an order or judgment entered on remittitur " must conform strictly to the remittitur'" (Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d at 800, quoting Matter of Minister, Elders & Deacons of Refm. Protestant Dutch Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan, 185 Misc 1003, 1007 [Sup Ct, NY County]; see Berry v Williams, 106 AD3d at 937). "If the remittitur is erroneous in any respect, or if there is any uncertainty as to the effect of the language employed, the appropriate remedy is an application to amend it" (Wiener v Wiener, 10 AD3d at 363; see CPLR 5524; Matter of Minister, Elders & Deacons of Refm. Protestant Dutch Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan, 185 Misc at 1006).
Contrary to the defendant's contention, the Supreme Court correctly adhered to the terms of this Court's remittitur in this matter (see Glassman v ProHealth Ambulatory Surgery Ctr., Inc., 96 AD3d at 800-801).
BALKIN, J.P., AUSTIN, ROMAN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court